## CHARLES ROBBINS *versus* The Inhabitants of TOWNSEND.

Where, on the trial of an action brought against a town by the master of the house of correction for the county of Suffolk, to recover expenses incurred in the support of a pauper, the defence set up was, that the pauper had acquired a settlement in Boston by a residence there for ten years and payment of taxes for five of such years, it was *held*, that the judge might, in the exercise of his discretion, require the town to show, by the records of the city treasurer, the assessment of the taxes and the payments made thereon, before resorting to parol evidence for this purpose; the town, however, is not concluded by such records, but may show by parol evidence, that there was a mistake or omission in them.

In the same case, it was proved, that the pauper had been assessed in Boston for ten successive years, commencing with 1821, and had paid his taxes for 1821, 1822, 1823 and 1825, and that he was of ability to pay a tax in 1824. It was *held*, that this evidence did not raise a *legal* presumption, that he actually paid a tax in 1824 ; but that if any presumption arose, it was one of fact to be found by the jury.

The mere neglect of the officers of a town to enforce the payment of a tax, which might by due diligence have been collected, will not have the same operation as an actual payment, towards giving the person assessed a settlement in the twelfth mode prescribed by *St.* 1793, *c.* 34, viz., residing in a town ten years together and paying taxes for five of them.

The certificates of the city clerk of Boston, setting forth that the plaintiff " had been duly appointed master of the house of correction," and that he " was master of the house of correction for the year 1834, and had continued in that office ever since," is not competent evidence to establish such facts.

Where evidence has been erroneously admitted as to a particular point, which is entirely unconnected with the other questions raised at the trial, and could have had no influence upon the finding of the jury as to those questions, a new trial may be granted as to that particular point, without opening the whole case.

THIS was assumpsit, brought by the plaintiff, as master of the house of correction for the county of Suffolk, to recover the sum of. $59·27, for the support of William Searles and his wife therein, from August 6, 1834 to April 7, 1835.

The trial was before *Wilde* J.

It was admitted by the defendants, that William Searles had his settlement in Townsend, unless he had acquired one in Boston. The defence set up was, that he had acquired a settlement in Boston by residing there for ten successive years or more, and by having been assessed and having paid taxes for five years at least of such ten years.

The plaintiff, in order to prove that he was chosen master

of the house of correction, offered in evidence the following certificates of the city clerk of Boston : " City of Boston, June 13, 1833. I, the subscriber, do hereby certify, that Charles Robbins has been duly appointed master of the house of correction. S. F. M'Cleary, City Clerk."

" I certify, that the above named Charles Robbins was master of the house of correction for the year 1834, and has continued in that office ever since. December 6, 1837. S. F. M'Cleary, City Clerk."

The defendants objected to these certificates as being insufficient to prove, that the plaintiff held that office during the time when the paupers were supported in the house of correction. But the judge overruled the objection.

The defendants called William Searles, as a witness, who testified, that he was about forty years of age ; that he went to Boston, when he was fourteen ; and that he had had his home in Boston, with the exception of a few months, ever since that time.

The defendants then offered to prove by the witness, that he had paid taxes in Boston for five of the years during his residence in Boston. To this the plaintiff objected, on the ground, that, as the records of the city treasurer set forth what taxes were assessed and what payments were made, they were the best evidence, and must be produced before any parol evidence was admitted. The defendants contended that such records, being the books of the plaintiffs in interest, were not the only evidence to which the defendants could resort to prove a payment of taxes by Searles, and that the defendants were not bound to produce them. The judge ruled, that the defendants must first produce the books of the city treasurer, in order to show the assessment and for other purposes, before they could resort to parol testimony to prove the payment of taxes by Searles ; but that they would not be concluded by the books, and might prove that there was a mistake or omission in them, by parol evidence.

The defendants thereupon called Richard D. Harris, the city treasurer, as a witness, who produced the books kept in his office. From these books it appeared, that Searles had been assessed for ten successive years, commencing in 1821 ;

that in the book of assessments, containing a statement of the taxes of all the inhabitants of Boston, there was written against the name and tax of Searles, the word "paid," in the years 1821, 1822, 1823 and 1825 ; but that there was no such writing against his tax for any other year.

Robbins
*v.*
Townsend.

Searles was thereupon called again, and testified that up to 1826, he had paid a tax every year, but that he could not state as to any particular year, and that he was as able to pay a tax any year, till after 1826, as any journeyman mechanic in Boston.

Jabez Walcott testified, that he thought that he paid a tax for Searles, at his request, between July 1824 and May 1825.

Upon this evidence the defendants contended, that as it was proved, that the taxes assessed to Searles for the years 1821, 1822, 1823 and 1825 had been paid, and that he was of ability to pay his taxes during those years and during the year 1824, a presumption arose, that the tax for 1824 was paid, and that such presumption arose more particularly from the circumstance of the payment of the tax for 1825.   But the jury were instructed, that no such *legal* presumption arose in the case ; that it was a question of presumption arising from the evidence ; and that if, upon the whole evidence, they believed that the tax for 1824 had been paid, they should find for the defendants ; but that if they believed that it had not been paid, they should find for the plaintiff.

The defendants requested the judge to instruct the jury, that if the city might, by reasonable diligence, have collected the tax for 1824, of Searles, they should find a verdict for the defendants, on the ground, that a neglect of duty on the part of the officers of the city in collecting a tax regularly assessed, would not relieve the city from the maintenance of Searles. But the judge refused so to instruct the jury, because, in his opinion, there was no evidence of neglect, requiring such instructions, the city not being obliged to issue a warrant of distress or to take any uncommon and unusual mode of collecting this tax.

The jury returned a verdict for the plaintiff.

The defendants moved for a new trial, upon the ground of misdirections of the judge in matters of law

Robbins
*v.*
Townsend.

*June 22d.*

H. H. *Fuller* and *Washburn*, for the defendants, cited to the point, that the certificates of the city clerk were insufficient to prove, that the plaintiff held the office of master of the house of correction, 1 Stark. Ev. 151, 154 ; *Callender* v. *Marsh*, 1 Pick, 418, 425 ; *Taylor* v. *Henry*, 2 Pick. 397, 402, 403 ; *Commonwealth* v. *Phillips*, 11 Pick. 28 ; *Sheldon* v. *Frink*, 12 Pick. 568 ; that the payment of the tax for 1825 was *primâ facie* evidence of the payment of that for 1824, *Brewer* v. *Knapp*, 1 Pick, 337 ; 3 Stark. Ev. 1091 ; *Attleborough* v. *Middleborough*, 10 Pick. 378 ; *St.* 1793, *c.* 34, § 2, 12th mode ; and that it was not indispensable, that the pauper should have actually been assessed, or if assessed, that he should have paid the tax, it being sufficient if he was liable to assessment and was able to pay the tax, *Wrentham* v. *Attleborough*, 5 Mass. R. 430 ; *Reading* v. *Tewksbury*, 2 Pick. 535 ; and that the city could not set up the negligence of its officers to defeat the settlement gained by the pauper, *Charlemont* v. *Conway*, 8 Pick. 408.

E. *Hersey Derby*, for the plaintiff, to the point, that in questions relating to the settlement of paupers, it must appear, that the requisitions of the statutes have been strictly complied with, cited *Danvers* v. *Boston*, 10 Pick. 513 ; and to the point, that if the city, acting without sinister design, believe that a pauper is unable to pay a tax, they will be justified in omitting to tax him, *Billerica* v. *Chelmsford*, 10 Mass. R. 394 ; *Conway* v. *Deerfield*, 11 Mass. R. 327 ; *Reading* v. *Tewksbury*, 2 Pick. 535.

*June 29th.*

DEWEY J. delivered the opinion of the Court. This action is upon *St.* 1834, *c.* 151, § 10 ; and to entitle the plaintiff to recover the sum demanded, it is incumbent on him to show, that he held the official character under which he claims to act, and that the persons for whose support he demands compensation, had their legal settlement in Townsend.

It was admitted, that the persons supported had their legal settlement in Townsend, unless they had through William Searles, in the manner hereafter stated, acquired a settlement in Boston. The defendants claim to establish the settlement of Searles in Boston by the twelfth mode provided in *St.* 1793, *c.* 34, § 2, being that of a residence for ten years, and payment of taxes for five of the ten years.

To prove the payment of taxes for five years, the defendants offered William Searles, whose testimony was objected to, on the ground, that it was incumbent on the defendants to show by the records of the city treasurer, the assessment of the taxes, and the payments made thereon, before they could resort to parol testimony for this purpose ; and the judge so ruled, but held also that the defendants would not be concluded by the city records, and that they might show, by parol evidence, that there was a mistake or omission in them.

This ruling seems to us to have been correct. It was an essential part of the defendants' case, to show an assessment of the taxes, and that could only be proved by the city tax-books or duly authenticated copies of them. It was in the discretion of the judge presiding at the trial, to prescribe the order in the introduction of the proof requisite to maintain the defence ; and in the exercise of that discretion he might properly require the evidence of an assessment of the taxes to precede the proposed parol testimony.

The defendants having proved an annual assessment of taxes on William Searles, from the year 1821 to the year 1831, and actual payment of the same entered upon the tax-books for the years 1821, 1822, 1823 and 1825, and having offered evidence tending to show his ability to pay the tax of 1824, requested the judge to instruct the jury, that a presumption arose from the payment of the tax of 1825, that the tax of 1824 had also been paid ; but the judge instructed the jury, that no such legal presumption existed in the case, but that it was a question of presumption arising upon the evidence, and if upon the whole evidence they believed that the tax for 1824 had been paid, they should find for the defendants.

The counsel for the defendants insists that the present case is analogous to that of landlord and tenant, where evidence by a receipt of payment of a subsequent quarter's rent is considered *primâ facie* evidence of payment of all former quarters. But we think it materially differs in the circumstances connected with it, and that if any presumption arose in the case, it was one of fact to be found by the jury, and not one of law, to be declared by the court.

It is also objected, that the ruling of the judge was erroneous in refusing to instruct the jury, that if the city of Boston might by reasonable diligence have collected the tax of 1824 of Searles, they should find a verdict for the defendants. The ground of the objection is, that if the tax remained uncollected through the remissness of the officers of the city, the inhabitants of the city ought not to be relieved from the maintenance of Searles, as they would thus be benefited by reason of neglect of duty in their own agents.

The case of *Wrentham* v. *Attleborough*, 5 Mass. R. 433, cited by the counsel for the defendants, contains *dicta* strongly countenancing the doctrine, that an omission to tax for one or more years an individual liable to be assessed, when that omission arose from inadvertence or negligence on the part of the assessors, could not avail the town whose officers had been thus remiss, and defeat the gaining a legal settlement under the provisions of this clause of the statute. No such adjudication has, however, taken place, nor was it necessary to decide that question in the case then under consideration. That the residence of an individual in a town for ten years, and having taxable property five of those years, does not in all cases subject the town omitting to assess a tax, to the same liabilities in regard to a settlement, as would have been incurred by the actual assessment and collection of a tax, would seem to be properly inferred from the ruling of the Court in the case of *Reading* v. *Tewksbury*, 2 Pick. 535.

But the question now presented, is not as to the effect of an omission to assess a tax, but of negligence in the collection of a tax properly assessed. We think that the mere neglect to enforce the collection of a tax, which might by diligence have been collected, cannot have the same operation upon the question of the settlement of the person taxed, as the actual payment prescribed by the statute.

As to all the questions which have been raised upon the point of the settlement of William Searles, the Court are of opinion, that the instructions to the jury were correct, and that the verdict ought not to be disturbed.

In reference to another and distinct ground of defence, that of the appointment of the plaintiff as master of the house of

correction, the evidence offered was clearly incompetent to establish that fact. The certificate of the city clerk read in evidence, was a certificate of a fact, and not a certified copy of the records. Upon that point the recent case of *Oakes* v. *Hill*, 14 Pick. 442, is decisive. The principle was settled in that case, that a clerk of a religious or municipal corporation may make copies of his records, and his certificate will be evidence of their verity ; but a clerk of such a corporation will not be allowed to certify facts, and his certificate is not to be received as evidence of such facts. To avoid any possible injustice to the rights of the defendants, in considering this point, the Court have assumed the ruling of the judge to have been of the import claimed by the defendants, although we apprehend, that there was some misapprehension at the trial as to the question intended to be raised. In the manner in which it is now presented in the argument and considered by the Court, the evidence was incompetent and ought not to have been admitted, and for this cause, a new trial must be granted. But there having been a full and legal trial on the merits as to the other parts of the case, and the question of the appointment of the plaintiff as master of the house of correction being entirely disconnected with the other questions raised, and one which in no way could have had any influence upon the finding of the jury upon those questions, the new trial is limited to this particular point. In cases like the present, substantial justice may be done without disturbing the verdict generally, by submitting to a new jury the question, in reference to which, evidence was erroneously admitted. Such a course has been sanctioned by this Court, in the cases of *Winn* v. *Columbian Insurance Co.* 12 Pick. 287, *Sprague* v. *Bailey*, decided at October term 1837, in Middlesex, and in several other cases within the recollection of the Court.

*New trial ordered.*