NEWLAND v. STATE OF INDIANA.

[No. 268S23. Filed April 22, 1968. Rehearing denied June 11, 1968.]

*Robert H. VanBrunt,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

PER CURIAM.—This matter was initiated by the filing of a verified petition for a writ of certiorari. The issue before this court is whether the trial court erred in refusing permission to petitioner to file a belated motion for a new trial.

Under the rules of the Supreme Court of Indiana, Rule 2-40 is applicable. The pertinent part thereof, reads as follows:

". . . the petition (for a belated motion for a new trial) must be personally verified by the party, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause, and why such cause could not have been discovered before by the exercise of due diligence. The court, upon finding substantial evidence of such facts, and that the movant acted as promptly as reasonably possible, shall approve the filing of said belated motion for a new trial. . . ."

In the recent case of *Langley* v. *State of Indiana,* (1968), 12 Ind. Dec. 419, 232 N. E. 2d 611 [250 Ind. 29], Chief Justice Lewis, citing Rule 2-40 *supra,* pointed out that the determination of whether due diligence has been established, rests in the sound discretion of the trial court. In the *Langley* case, *supra,* the case of *Barrett* v. *State of Indiana,* (1952), 230

Ind. 533, 105 N. E. 2d 508, was cited and the rule therein endorsed which is set forth in the following quotation:

"It is necessary that an appellant show, through happenings or events which have no connection with the actual trial, and which have not been brought about by the fault of the litigant, that his time for filing such motion has expired, and that, because of the happenings or events, it was impossible for him to perfect the record for an appeal. Whether or not appellant was diligent in attempting to file his motion for a new trial is a question of fact for the trial court. The determination of whether diligence has been established rests in the sound discretion of the trial court, subject to review by this court on appeal. The burden of proof was appellant's. He failed to sustain such burden."

In a petition for permission to file a belated motion for a new trial, the trial court has discretion in ruling upon the petition and may be reversed only for abuse of that discretion, and this rule applies when the trial judge determines whether the petitioner exercised due diligence in filing the petition. *Barrett* v. *State, supra.*

In the petition for certiorari petitioner has not shown how the trial judge abused his discretion. Furthermore, the petitioner's mere allegation that he, in fact, used diligence is insufficient in the face of the previous determination of the trial judge.

The petitioner has cited the case of *Commonwealth* v. *Nassar,* (1966), 37 Mass. 351, 218 N. E. 2d 72. A review of the holding of the court in this case does not bear out the purpose for which it was cited. In the *Commonwealth* v. *Nassar* case, *supra,* the court, under a specific Massachusetts statute, stated:

"In a capital case this court has 'the whole case for its consideration of the law and the evidence,' and may consider the matter which the defendant attempted to raise by his belated assignment of error."

This decision was based on the specific statutory provisions, and is not applicable to the case before us.

The petition for a writ of certiorari is hereby dismissed.

Hunter, J., concurs in result, with concurring opinion.

Jackson, J., concurs in Hunter's concurring opinion.

CONCURRING OPINION

HUNTER, J.—I concur only in the result of this case for the following reasons:

This is another in a long series of cases which points up the absolute and pressing necessity for a revision of this Court's post-conviction remedy rules. This matter is now dealt with by Rules 2-40 and 2-40A of the Rules of the Supreme Court of Indiana.

It is my firm belief that, among other necessary modifications, provision must be made in these rules for an evidentiary record to be made during these post-conviction proceedings in the trial court to better enable this Court to review any allegation of abuse of discretion that may be made. Such an allegation is made in the present case but how are we to determine it properly when we have no record before us revealing what took place below? We must resort to presumptions in favor of the trial court with no other basis than some childlike faith in the inherent wisdom of that court. In the absence of a record in these post-conviction proceedings, the burden of proof that is upon the petitioner in the court below becomes an almost irrebuttable presumption on petition for writ of certiorari. For how can we say the court below committed an abuse of discretion if we have nothing before us from which we can determine the basis of the discretionary action complained of?

Until some change in the rule is wrought, a petition for writ of certiorari on the grounds alleged in this case will continue to be a useless exercise in futility for both the petitioner and this Court.

Jackson, J., concurs.

NOTE.—Reported in 236 N. E. 2d 45.