Rick MONEY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2-1078A365.

Court of Appeals of Indiana, Fourth District.

March 29, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Rick Money appeals from a denial of his Petition to File a Belated Motion to Correct Errors.

We affirm.

On May 12, 1975, Money [Appellant] was sentenced to the Indiana Department of Correction for a term of not less than two (2) nor more than five (5) years, after a conviction for Second Degree Burglary. This sentence was suspended and appellant was placed on probation. On February 6, 1978, pursuant to a Petition to Revoke Suspended Sentence, the trial court revoked appellant's probation and the suspended sentence. On February 14, 1978, appellant posted an appeal bond. On April 7, 1978 which was the sixtieth day after the entry of judgment against appellant, the trial court found that appellant had failed to act diligently and to prosecute his appeal in a timely manner. He had failed to file his Motion to Correct Errors within sixty (60) days from the date final judgment was entered. Pursuant to this, the trial court ordered appellant arrested and committed. On April 13, 1978, appellant, by counsel filed a Verified Motion to File Belated Motion to Correct Errors and For Stay of Execution of Sentence with supporting memorandum and a proposed Motion to Correct Errors. This Verified Motion alleged that failure to perfect the appeal was

due to a misunderstanding between counsel and appellant. Counsel believed that the Motion to Correct Errors and further appeal were to be handled by a public defender. On May 4, 1978, a hearing was held on appellant's motion.[1] The trial court took appellant's motion under advisement and counsel were given time to file written memoranda on the issues. On May 30, 1978, after submission of counsels' memoranda, the trial court denied appellant's Motion to File Belated Motion to Correct Errors. It is from this denial of appellant's motion by the trial court that this appeal is brought. Appellant's assignment of error is that the denial was contrary to law. Ind. Rules of Procedure, Post-Conviction Rule 2, § 1.

Prior to October 1, 1977, the effective date of IC 1971, 35–7–2–2(g) (Burns Code Ed.), no appeal was permitted from a revocation of probation. *Sutton v. State,* (1963) 244 Ind. 368, 191 N.E.2d 104; *accord, Drollinger v. Milligan,* (7th Cir. 1977) 552 F.2d 1220. Appellant's relief would come by way of PC 1, § 1(a)(5).[2]

However, IC 35–7–2–2(g) now provides that "[a] judgment revoking probation is a final appealable order." The order then is appealed as in the case of any other final appealable order in a criminal proceeding. PC 2, § 1 is available in this case. Under PC 2, § 1, a defendant is allowed to file a belated motion to correct error where:

"(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

There is no question about (a). The State contends appellant has not complied with (b) or (c). We agree with this contention as to (b) and therefore do not reach (c).

■ It is apparent from the record that in the entire sixty days appellant had never consulted with his trial counsel about his appeal. If he had done so, the alleged misunderstanding between trial counsel and appellant would not have occurred. The only time that appellant became concerned about his appeal was on April 7, 1978, when he was arrested. Appellant's actions, or inaction, could reasonably be found by the trial court to show that it was appellant, and not his trial counsel, who was at fault in not perfecting his appeal. Thus, the second criterion established by PC 2, § 1, for filing a belated motion to correct errors has not been met. The trial court correctly denied appellant's petition.

Appellant argues that *Simmons v. State,* (1974) 262 Ind. 30, 310 N.E.2d 872, is applicable to the case at bar and pursuant to the court's holding in that case appellant should be allowed to file his belated motion. However *Simmons* is distinguishable from the present matter. In *Simmons* the court found that defendant's counsel, the Public Defender, was clearly at fault for failing to

---

1. The record shows that a hearing was set for May 4 and the parties appeared. The matter was taken under advisement on that date. No transcript of the hearing appears in the record. Ind. Rules of Procedure, Post-Conviction Rule 2, § 1 provides that any hearing on a petition shall be conducted according to PC 1, § 5. PC 1, § 5 requires a record of the proceedings to be made and preserved. If appellant wished this court to fully review the denial of the petition, he should have seen to the making and preservation of the record. This court would then have been provided with an evidentiary record from which to review any alleged abuse of discretion. *See Newland v. State* (1968) 250

Ind. 512, 236 N.E.2d 45, concurring opinion of Hunter, J. at 46–47.

2. PC 1, § 1 provides in part:
(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody of other restraint;

may institute at any time a proceeding under this Rule to secure relief.

file a timely motion to correct errors and that the petitioner, *although incarcerated, did everything in his power to pursue his appeal.* In the present case it is shown from the record that appellant, although free on bail did nothing to pursue his appeal, until his arrest. Although appellant's attorney stated that there was a misunderstanding as to who was to handle the appeal, such misunderstanding could reasonably be found by the trial court to be the fault of appellant and not his trial counsel.

 While we may not agree with the trial court's denial of the petition had we been the trial court, the standard of review limits us to reviewing the trial court's discretion. We will reverse only when the ruling is contrary to law because of an abuse of discretion. *Adams v. State,* (1979) Ind., 386 N.E.2d 657; *Newland v. State,* (1968) 250 Ind. 512, 236 N.E.2d 45; PC 2, § 1. The burden on appeal was on the appellant to show that the trial court abused his discretion and its judgment was therefore contrary to law.

We find no abuse of discretion here. Any action by appellant prior to his arrest on April 7, 1978 would have remedied the problem here. The trial court's denial was not unreasonable. In light of these facts he would not be required to come to an opposite conclusion.

Affirmed.

CHIPMAN, P. J., and MILLER, J., concur.