**Phillip Wayne JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 778S149.**

Supreme Court of Indiana.

April 16, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, State Public Defender, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the denial of permission to file a belated motion to correct error. The only error assigned is that the trial court's ruling is contrary to law.

The trial court found that appellant had not met his burden of showing he had exercised due diligence in requesting permission to file a belated motion to correct error. See PC 2, § 1(c). The petitioner in a post-conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. The judge hearing the petition weighs the evidence and determines the credibility of witnesses. His determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Carroll v. State* (1976) 265 Ind. 423, 355 N.E.2d 408. Whether or not petitioner has exercised due diligence in requesting permission to file a belated motion to correct error, lies within the sound discretion of the trial court and will not be disturbed unless an abuse of discretion is shown. *Newland v. State* (1968) 250 Ind. 512, 236 N.E.2d 45.

The facts relative to the issue of due diligence are as follows: The Blackford Circuit Court found appellant guilty of first degree murder and sentenced him to life imprisonment in March, 1973. Appellant's trial counsel died shortly thereafter. In September, 1973, his new attorney, Ferd Samper, Jr., requested permission to file a belated motion to correct error. The trial court granted permission, ordering the motion to be filed within 60 days. After two extensions of time were filed and granted, the court, in April, 1974, received a letter from Samper inquiring as to the status of a third petition for extension of time allegedly filed in February, 1974. The court's records do not indicate that any such petition was received. In November, 1974, appellant wrote to Samper to inform him that he no longer needed Samper's services. Samper replied that he would withdraw, which he subsequently did. Samper informed appellant that he should contact the State Public Defender's office if he did not have sufficient funds to pay for an appeal. In June, 1975, appellant wrote to the Blackford Circuit Court to inquire about the status of his case. The court replied that a belated motion to correct error had not yet been filed. In late 1975, appellant contact-

ed Nile Stanton, an Indianapolis attorney, to request representation. Stanton informed appellant that the fee would be approximately $3,000.00. Appellant did not hire Stanton, as he did not have such funds. Appellant finally contacted the Public Defender in July, 1977, the result of which was that another petition for permission to file a belated motion to correct error was filed the following month.

The trial court based its finding on the fact that from November, 1974, when appellant discharged attorney Samper, to June, 1975, when he wrote to the court about his case, appellant did nothing. Then from late 1975, when he requested but turned down representation by attorney Stanton, until mid-1977, appellant did nothing further to obtain representation or to have a belated motion to correct error filed in his behalf. It was nearly a full year after he discharged Samper that appellant contacted another attorney. It was another one and one-half years after failing to obtain representation by Stanton that appellant finally contacted the State Public Defender's office.

Appellant argues he dismissed Samper for lack of funds to pay for the appeal. However, Samper promptly informed him that he should contact the Public Defender if he had no money to pay his legal fees. Instead of so doing, appellant waited a year, then requested Stanton to represent him, when he knew Stanton would have to charge him a fee. By the time appellant contacted the State Public Defender, it had been two and one-half years since he had been so advised by Samper and one and one-half years since he had first failed to obtain representation by Stanton. From these facts the trial court was justified in finding that appellant did not exercise due diligence in pursuing his potential remedy of a belated motion to correct error. The trial court did not err in holding that appellant had failed in his burden of proof under PC 2.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.