Kenneth G. WILHITE, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S6.

Supreme Court of Indiana.

April 1, 1980.

---

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the trial court's denial of Defendant's (Petitioner's) petition for permission to file a belated motion to correct errors, following dismissal of his *pro se* petition for post conviction relief filed pursuant to Indiana Post Conviction Remedy Rule 1. Defendant challenges the trial court's finding that he was not diligent [1] in seeking permission to file the belated motion to correct errors.

Defendant was charged by indictment with two counts of first degree murder (traditional murder and felony murder), Burns § 10–3401. On June 4, 1959, defendant pleaded guilty to one count of first degree murder, and the charge of felony murder was dismissed. He was sentenced to life imprisonment.

With regard to defendant's diligence in requesting permission to file a belated motion, the following sequence of events was before the trial court and is pertinent to our consideration:

April 17, 1970: Defendant filed his *pro se* petition for post conviction relief pursuant to Post Conviction Remedy Rule 1. In it, he alleged ineffective representation by counsel, and requested the assistance of the State Public Defender's office.

September 17, 1970: State filed a motion to dismiss defendant's petition, alleging defendant's failure "to state a claim * * upon which relief can be granted." The motion was granted, and notice was sent to the office of the State Public Defender.

October 28, 1970: Defendant, by the State Public Defender, filed his "Motion to Reinstate." In it, he alleged the existence of both factual and legal issues, and further stated that Post Conviction Remedy Rule, § 4(f) allows summary disposition of the Petition only when it appears from the pleadings that there is no genuine issue of material fact.

January 26, 1971: Defendant's motion to reinstate was denied without a hearing.

---

1. Under Indiana Post Conviction Remedy Rule 2, § 1(c), the defendant must show that he "has been diligent in requesting permission to file a belated" motion to correct errors.

January 27, 1971: The trial court sent notice to the State Public Defender that defendant's motion had been denied.

February 10, 1971: Defendant wrote to the State Public Defender and stated that he had read in the newspaper that his petition for post conviction relief had been denied. He asked for the State Public Defender's assistance in appealing the decision.

September 8, 1971: A deputy public defender wrote to the trial court and requested that the court "render specific Findings of Fact and Conclusions of Law" and send them to the public defender so that an appeal could be perfected.

September 17, 1971: The deputy public defender again wrote to the trial court, requesting its findings and conclusions.

February 21, 1973: Defendant wrote to the trial court and asked that he be provided with a transcript of the proceedings against him.

February 22, 1973: The trial court wrote the defendant and instructed him to contact the State Public Defender.

February 25, 1977: Defendant wrote to the trial court and inquired about the cost of a transcript.

February 8, 1978: The State Public Defender received defendant's letter in which he requested to talk to a deputy public defender regarding "a petition for post conviction relief."

April 7, 1978: Pursuant to Indiana Post Conviction Remedy Rule 2, Defendant, by the State Public Defender, filed his petition for permission to file a belated motion to correct errors.

May 27, 1978: The trial court entered its findings of fact and conclusions of law. Defendant's request for permission to file a belated motion to correct error was denied because the trial court found that he had not been diligent in seeking that permission.

■ On appeal, Defendant contends that the State Public Defender's office is at fault, and that the above sequence of events indicates that he was, in fact, diligent. At the outset, we note that the decision whether or not a defendant has exercised diligence in seeking permission to file a belated motion to correct errors lies within the sound discretion of the trial court; that decision will not be disturbed unless an abuse of discretion is demonstrated. *Jones v. State,* (1979) Ind., 387 N.E.2d 1313.

Obviously some of the delays must be attributed to the State Public Defender's office. However, Defendant's reliance upon *Powell v. State,* (1978) Ind., 374 N.E.2d 495, and *Brandon v. State,* (1976) 264 Ind. 177, 340 N.E.2d 756, is misplaced. We can set out no definite rules regarding what constitutes diligence and what does not, and each case must be determined in the context of its own circumstances, and it is clear that defendants in *Powell* and *Brandon* were more assiduous than was the defendant in their attempts to obtain permission to file a belated motion to correct errors.

■ Although the defendant has had limited formal education; it is clear from the record that on February 10, 1971, he knew that an appellate review was available, as he then took steps to initiate it. Again in February 1973, he took a step that reflected such awareness. At that time, he was advised by the court to contact the public defender's office. He did not heed this advice and did nothing further for four years. Thus, even if we assume that Defendant should not be prejudiced by the delay from February 1971 until February 1973, he cannot escape accountability for the five year delay ending in February 1978.

Our post conviction rules require that one seeking review exercise diligence. Diligence may also entail a degree of perseverance; and we hold that a petitioner may not be made exempt from the rule by showing that the fault was, in part, not chargeable to him.

Upon the facts of this case, we are of the opinion that the trial court was justified in finding that the defendant had not shown the diligence required by Indiana Post Conviction Remedy Rule 2, § 1(c).

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.