**Richard Allen DOBESKI, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 980S369.

Supreme Court of Indiana.

April 29, 1981.

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 2. The only issue raised is whether the court abused its discretion by denying petitioner's request to file a belated motion to correct error.

The facts from the record show that petitioner was tried by a jury and found guilty of first-degree murder in October, 1965. He was sentenced to life imprisonment. His trial counsel filed a timely motion for new trial on November 5, 1965, which was denied on December 21, 1965. There is no record of any further action being taken until October 4, 1979, when petitioner filed

a request to file a belated motion to correct error and motion for evidentiary hearing. A hearing was held in Porter County Circuit Court on October 30, 1979, and the request was denied without comment on May 2, 1980.

At the hearing, petitioner's mother testified that she and her son assumed that trial counsel, John J. Davie, was going ahead with an appeal after the trial. She stated that she learned one or two years later that an appeal had not been taken and that it was then too late to take an appeal. Petitioner testified that he believed after the trial that his trial counsel had prepared his appeal, but learned about two years later that an appeal had not been taken. Both petitioner and his mother also testified about their efforts to retain counsel for an appeal during the following ten years.

After the hearing, John J. Davie filed an affidavit with the court at the request of the prosecuting attorney. Mr. Davie stated that he specifically remembered talking to Mrs. Dobeski after the trial and explaining various options which were available for her son. He remembered advising her that there would be further substantial costs for an appeal and that there were still attorney's fees and psychiatrists' fees from the trial which had not been paid. He stated that he left the decision up to her after conferring with her son whether they wanted to appeal and she did not respond to him. Mr. Davie stated that he had explained that an appeal would not likely be successful, that the appeal would be costly, and that he would not become personally liable for any further expenses in her son's case.

■ We must first note that it is well settled that the petitioner in a post-conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. The judge hearing the petition weighs the evidence and determines the credibility of witnesses. His determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Cottingham v. State*, (1978) 269

Ind. 261, 379 N.E.2d 984. Whether or not a petitioner has exercised due diligence in requesting permission to file a belated motion to correct error lies within the sound discretion of the trial court and will not be disturbed unless an abuse of discretion is shown. *Wilhite v. State*, (1980) Ind., 402 N.E.2d 1211; *Jones v. State*, (1979) Ind., 387 N.E.2d 1313; *Newland v. State*, (1968) 250 Ind. 512, 236 N.E.2d 45.

In this case, petitioner contends that the circumstances show that he did exercise due diligence. At the time of his arrest, he was 16 years old and depended upon his mother to make all the necessary legal arrangements for him both during and after his trial. He had no resources of his own and acquiesced in his mother's wishes, foregoing opportunities to contact attorneys on his own. He stated that he continually asked his mother about the appeal. His mother contacted several different private attorneys over a period of ten years but was repeatedly advised that there was nothing they could do. Petitioner, on his own, finally contacted a public defender who advised him that the transcript was probably unattainable. Petitioner still pursued the matter until he contacted a private attorney willing to seek the transcript and represent him. The petition for belated appeal was filed on October 4, 1979, approximately fourteen years after his original conviction.

■ In denying this petition, the trial court found that petitioner failed to show that he had been diligent in requesting permission to file a belated motion to correct error as required by Ind.R.P.C. Relief 2, § 1(c). We have held that the burden is upon the petitioner to show that he maintained that degree of care and attentiveness towards his claim and the progress of it in the court which one might expect from an individual under the particular circumstances shown. *Zellers v. State*, (1979) Ind., 389 N.E.2d 299. There are no definite rules regarding what constitutes diligence and what does not, and each case must be determined in the context of its own circumstances. *Wilhite v. State, supra.*

We do not find that petitioner has met his burden of proving that he used due diligence under the circumstances of this case. From the facts before us, it appears that petitioner, through his mother upon whom he was relying, made an informed decision after the trial not to pursue an appeal at that time. A long period of time elapsed from his trial in October, 1965, until the filing of the present appeal in October, 1979. The testimony of petitioner and his mother that they had continued to contact various private attorneys in unsuccessful attempts to appeal during that fourteen-year period is not sufficient evidence to meet petitioner's burden.

Although petitioner was relying upon his mother's help during a large part of that fourteen-year period, that fact does not exempt him from our rules. The diligence required by our post-conviction rules may also entail a degree of perseverance; and we have held that a petitioner may not be made exempt from the rule by showing that the fault was, in part, not chargeable to him. *Wilhite v. State, supra.* Upon the facts of this case, where petitioner had the advice of a competent attorney about his options for an appeal and where no concrete steps toward an appeal were taken during a fourteen-year period, we find the trial court was justified in finding that petitioner had not shown the diligence required by Ind.R. P.C. Relief 2, § 1(c).

Finally, we do not find any merit in petitioner's claim that his original motion for new trial was inadequate because his trial counsel omitted several issues which petitioner now feels are very significant. We have held that the mere omission of issues in an otherwise timely and proper motion would not render such motion inadequate so as to serve as grounds for a petition under Ind.R.P.C. Relief 2, § 1. *Adams v. State,* (1979) Ind., 386 N.E.2d 657.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., not participating.