John CAMPBELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S149.

Supreme Court of Indiana.

Oct. 3, 1985.

Rehearing Denied Dec. 10, 1985.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the denial of a petition for permission to file a belated motion to correct error.

The facts are: On April 15, 1980, appellant pleaded guilty to Attempting to Commit a Crime While Armed with a Deadly Weapon. Pursuant to plea agreement, he was sentenced to sixteen (16) years imprisonment.

On October 27, 1981, he filed a motion to correct error which was denied on October 29, 1981.

On February 2, 1982, he filed a motion for transcript "of Preliminary Hearing, Arraignment, Trial and/or Guilty Plea." This motion was denied on February 8, 1982. On August 4, 1982, he filed a motion for change of venue from the judge and a petition for post-conviction relief, and on August 10, 1982, the court referred the case to the Office of the Public Defender.

On October 19, 1982, a Deputy Public Defender entered his appearance. On November 12, 1982, appellant filed, *pro se*, a motion for discovery "and/or Inspection." On January 28, 1983, the court dismissed the cause from the active docket.

On July 11, 1983, a Deputy Public Defender filed a petition for post-conviction relief on behalf of appellant. On August 2, 1983, the State filed its response and on August 18, 1983, without a hearing, the trial court denied the petition.

On October 17, 1983, counsel for appellant filed a motion to correct error. The trial court set aside the prior ruling and scheduled a hearing upon the petition. The hearing was held on February 1, 1984, and on March 2, 1984, the trial court denied appellant's petition.

On September 18, 1984, appellant filed his verified petition for permission to file a belated motion to correct error. On October 15, 1984, the trial court denied appellant's petition for permission to file a belated motion to correct error. This appeal is taken from that ruling.

Appellant now claims the trial court erred in denying his petition for permission to file a belated motion to correct error, without a hearing, and denied him due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § XII of the Indiana Constitution.

The granting of a belated motion to correct error is at the sound discretion of the trial court. Unless it is demonstrated that the trial court abused its discretion, or that its determination is contrary to law, it will not be disturbed. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130; *Wilhite v. State* (1980), 273 Ind. 56, 402 N.E.2d 1211.

Among the things which appellant must establish in order to obtain permission to file a belated motion to correct error, is that he must demonstrate he has been diligent in requesting permission to file his motion. *Zellers v. State* (1979), 271 Ind. 22, 389 N.E.2d 299.

In the case at bar, appellant was well aware of his duty to file a motion to correct error to preserve his appellate rights. By a letter dated March 16, 1984, counsel advised appellant that if he wished to appeal the denial of his post-conviction relief, the motion to correct error had to be

filed by May 1, 1984. He was again informed of this by another letter dated March 29, 1984.

On March 27, 1984, appellant wrote a letter to his attorney in which he informed her that he had decided not to appeal the denial of his post-conviction relief. Appellant claims he was not at fault for making this decision because a statute, Ind.Code § 35–50–1–5 (West 1985 Supp.), placed a chilling effect on his right to appeal by making him fear that if he was successful in his appeal he might receive a greater sentence on retrial than he had initially received.

In the case at bar there is nothing to indicate the State was threatening to impose a more severe sentence. This entire question arose solely between appellant and his counsel in their exchange of correspondence. Their observations in this regard were purely speculative.

In addition appellant and his counsel were well aware of Ind.R.P.C. 1, § 10 which states in part:

"(b) if a sentence has been set aside pursuant to this Rule and the successful petitioner is to be resentenced,

then the sentencing court shall not impose a more severe penalty than that originally imposed, and the court shall give credit for time served."

There is also correspondence in this record to indicate that both appellant and his counsel knew that he would soon be coming up for parole. There is strong indication in this correspondence that his real motive for failing to timely file a motion to correct error was to rely on the parole possibilities rather than the appeal. With this evidence before it, the trial court did not err in holding that appellant had not been diligent in pursuing his appellate rights. For that reason the motion to file a belated motion to correct error should be denied.

The trial court is in all things affirmed.

All Justices concur.