**Leon HAVRILENKO, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S89.**

Supreme Court of Indiana.

Dec. 3, 1986.

Belle T. Choate, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On April 16, 1981, a jury trial resulted in the conviction of appellant on the charge of Murder. On August 18, 1983, appellant filed a *pro se* motion to correct error. The cause was referred to the State Public Defender, who represented appellant until May 31, 1984, at which time the court conducted a hearing and ascertained that appellant had certificates of deposit in the value of $19,000 to $20,000 and that he owned unencumbered real estate in the value of $30,000 which produced rental income of $225 per month. The Public Defender therefore withdrew from the cause and present counsel entered her appearance. The trial court treated the matter as a belated motion to correct error, filed under Ind.R.P.C.R. 2.

It is appellant's contention that he is a Russian immigrant unlearned in the English language, that he had only an eighth grade education and thus was unable to understand the law involved in his case and that he should be excused from the two-year delay in filing his motion to correct error. The courts of this State attempt to extend every opportunity to a defendant to assert his constitutional rights, taking into consideration mental abilities, language difficulties and general lack of understanding of the judicial system.

In the brief prepared by appellant's counsel, the rules of this Court and several of the cases decided under those rules are cited in an attempt to persuade this Court that appellant should be permitted to file a belated motion to correct error at this time. In spite of public criticism for doing so, the courts consistently try to exercise compassion and patience when dealing with a criminal defendant; however, there comes a time when the judicial system must declare that it has gone the last mile and that a defendant has either exhausted or waived his available remedies. Such is the case at bar.

Although he was possessed of adequate financial assets, such fact apparently was not known to the trial court at the time of appellant's trial, as he was furnished ap-

pointed counsel. Following his conviction he became dissatisfied with court-appointed counsel and employed counsel of his own choosing; however, by the time appellant was to be sentenced he had become dissatisfied with the attorney of his own choice.

Although both attorneys appeared at the hearing and demonstrated their willingness to continue to represent appellant, including an appeal in his behalf, appellant emphatically stated that he did not wish their services and that he wished to represent himself. The record reveals the trial court was exceedingly patient with appellant and very carefully advised him of the rules regulating the filing of a motion to correct error, the filing of his praecipe for transcript and the filing of his appeal in the Supreme Court, to which advice appellant replied that he would "think about it."

Appellant arrived at the State Prison on June 29, 1981. Following his arrival he made several trips to the writ room at the prison and on occasion contacted his former counsel whom he had employed and then discharged. Over a period of time, he contacted the trial judge and the clerk of the Elkhart Superior Court. He also contacted five different attorneys concerning the possibility of their representing him. This record clearly demonstrates that appellant was patiently and fairly treated by the trial court and that various counsel exerted their best efforts in attempting to properly represent him.

 In a petition for leave to file a belated motion to correct error, there is a burden of proof to establish that a defendant's failure to timely file his motion is not his fault and to demonstrate that he has been diligent in seeking relief under the rule. *Bailey v. State* (1982), Ind., 440 N.E.2d 1130; *Jones v. State* (1979), 270 Ind. 556, 387 N.E.2d 1313. We must decide each of these cases on a case by case basis, depending upon their individual factual situation. *Dobeski v. State* (1981), 275 Ind. 662, 419 N.E.2d 753.

In the case at bar appellant has wholly failed in his proof. On the one hand appellant has consistently claimed he was seeking relief from his conviction, while on the other hand he has steadfastly rebuffed the attempts of the trial court to aid him when he was proceeding *pro se*. He rejected the attempts of both court-appointed counsel and privately employed counsel when each of them sought to aid him in his dilemma. There comes a time when the judiciary must say no to the type of conduct exhibited by appellant.

The trial court is affirmed.

All Justices concur.