**Robert Dale CLARK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1085S394.

Supreme Court of Indiana.

April 22, 1987.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Robert Dale Clark appeals from the denial of his petition for permission to file a belated motion to correct errors under Post-conviction Rule 2, § 1 of the Indiana Rules of Procedure, which provides:

Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

    a. no timely and adequate motion to correct error was filed for the defendant;

    b. the failure to file a timely motion to correct error was not due to the fault of the defendant; and

    c. the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Sec. 5, Rule PC1.

If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law. Jurisdiction for such appeal shall be determined by reference to the sentence originally imposed.

It is undisputed that a timely and adequate motion to correct error was not filed for the defendant. The factual issues before the post-conviction court were whether this failure was due to the defendant's fault and whether the defendant had been diligent in requesting permission to file his belated motion. If both grounds exist, the defendant must be permitted to file the motion. If either does not exist, the trial court must deny the permission.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70; *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

Following a jury trial, defendant was convicted of rape, unlawful deviate conduct and confinement, and sentenced on February 14, 1980. At that time, pursuant to Criminal Rule 11 of the Indiana Rules of Procedure, the trial court provided a full and complete advisement regarding defendant's appeal rights and made the required complete record. Defendant informed the

court that he had no questions regarding his rights to appeal, and responded affirmatively when the trial court offered him an opportunity to discuss with his attorney any questions with respect to these rights to appeal. Following a brief recess, the following exchange occurred:

THE COURT: All right. Mr. Clark, you've had the opportunity to discuss your rights concerning appeal with your attorney. The Court will ask you at this time, do you desire to take these steps to appeal your case or to file a motion to correct errors in this case?

THE DEFENDANT: No, we don't have a—don't have an appeal.

THE COURT: Do I understand then, you do not want to appeal this case?

THE DEFENDANT: Right.

THE COURT: And you do not want to take any steps to start your appeal at this time?

THE DEFENDANT: No.

THE COURT: All right. And you've—this is your decision after you've had the opportunity to discuss your rights to an appeal with your attorney?

THE DEFENDANT: Yeah.

THE COURT: In—in making your decision, the Court did not ask you whether or not you could afford an attorney. You have—your attorney has been appointed and I would ask you at this time, if you had decided that you wanted to appeal the case, would you be able to employ an attorney?

THE DEFENDANT: Yeah.

THE COURT: You would be able to employ an attorney?

MR. O'REILLY: Your Honor.

THE DEFENDANT: No.

THE COURT: In other words, if you wanted to appeal, it would be necessary for the Court to appoint an attorney for you?

THE DEFENDANT: Yeah.

THE COURT: All right. I want to tell you at this time, that if you were to decide you wanted to appeal, I would appoint an attorney for you. In fact, I would appoint Mr. O'Reilly to take the necessary steps, at this stage, to start your appeal. All right. With knowing that you could have an attorney assist you in your appeal, is it still your wish that you do not want to appeal?

THE DEFENDANT: Yeah.

THE COURT: All right. I think that concludes the sentencing.

The deadline for filing a timely motion to correct error elapsed on April 14, 1980. It was not until August 26, 1980, that defendant first manifested his desire to initiate an appeal. At that time, he filed a motion to obtain a trial transcript. On March 2, 1981, the defendant sent notice to the Indiana State Public Defender's office requesting their assistance, and on June 18, 1984, the public defender's office filed defendant's petition for permission to file belated motion to correct errors.

We need not review the evidence relating to the delay between August 26, 1980, and June 18, 1984. Most pertinent to our review is the four-month period following defendant's sentencing, and whether the defendant, as post-conviction petitioner, sustained his burden of proof in showing that the failure to file the timely motion was not due to his fault, and that he had been diligent in requesting permission to file the belated motion.

Defendant's sole contention is that this delay is attributable solely to the defendant's reaction to his trial attorney's advice. He argues that he should be excused because his attorney's negative assessment of his prospects on appeal. We disagree.

■ The absolute right to one appeal, as assured by Article 7, § 6 of the Constitution of Indiana and implemented by Criminal Rule 11, does not preclude a waiver of that right. Defendant was fully informed by the court of his rights to appeal, and yet failed to take any steps to file his motion to correct error within the prescribed time. We find the evidence insufficient to show either absence of defendant's fault or the existence of diligence on his part. The right to appeal was waived, and no grounds for relief from that waiver have been shown. The evidence before the post-con-

viction court does not lead to a conclusion opposite the judgment reached.

Affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.