**Morden CHEEKS, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 46A03–8811–CR–353.**

Court of Appeals of Indiana,
Third District.

May 1, 1989.

Susan K. Carpenter, Public Defender, Kathleen A. Leseur, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Morden Cheeks appeals from the denial of his Petition for Permission to File a Belated Motion to Correct Errors. The sole issue raised on appeal is whether the denial of Cheeks' petition constituted an abuse of the post-conviction court's discretion.

A belated motion to correct error may be entertained by the trial court pursuant to Ind. Rules of Procedure, Post–Conviction Rule 2. That rule provides:

"Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

*Id.* § 1.

It is undisputed that a timely and adequate motion to correct error was not filed for Cheeks. The factual issues before the post-conviction court were whether this failure was not due to Cheeks' fault and whether Cheeks had been diligent in requesting permission to file his belated motion. If either ground did not exist, the post-conviction court properly denied Cheeks permission to file a belated motion to correct error. *See Clark v. State* (1987), Ind., 506 N.E.2d 819, 820.

The evidence concerning the failure to file a timely motion to correct error is summarized as follows. Cheeks was convicted of Entering to Commit a Felony, and he was sentenced on August 23, 1974. At the sentencing hearing, the following exchange occurred:

"THE COURT: Now, Mr. Cheeks, you are entitled to file a motion to correct errors within 60 days of sentencing and you are entitled to take an appeal from this judgment, if you wish to do so—

DEFENDANT: No, I don't.

THE COURT: Well, just let me finish. But you must file a timely motion to correct errors within 60 days and after the ruling on the motion to correct errors you must within 30 days file a praecipe designating what you wish to be included in the record of the proceedings for an appeal. If you do not do that your appeal will be forfeited. If you are financially unable to obtain an attorney, you may have the court appoint you a pauper counsel to institute and process this appeal. Now, the question is: Do you want to make an appeal of this case?

DEFENDANT: I don't."

In January of 1975, Cheeks corresponded with the attorney who had represented him at trial, asking about shock probation and sentence reduction. The first reference to an appeal appeared in Cheeks' letter dated February 24, 1975. The attorney responded that his appointment as pauper counsel had terminated and that Cheeks would have to seek legal assistance from another source. The attorney's letter also included a reminder: "At your specific request, a motion to correct errors was not filed after you were fully advised as to your rights."

In an affidavit filed with the post-conviction court, Cheeks maintained that he informed trial counsel immediately after the sentencing hearing that he wished to appeal his conviction. Thus the post-conviction court was presented with conflicting evidence as to whether the failure to file a timely motion to correct error was due to Cheeks' fault. The court weighed the evidence and concluded that Cheeks was responsible for the failure to file a timely motion to correct error.

Weighing the evidence is a function of the post-conviction court which this Court, on review, will not usurp. *See Dobeski v. State* (1981), 275 Ind. 662, 664, 419 N.E.2d 753, 755. The determination of the post-conviction court will be reversed only if the evidence is without conflict and leads unerringly to a conclusion opposite the judgment reached by that court. *Id.* The evidence in the instant case does not lead to a conclusion opposite that reached by the post-conviction court. This Court will not disturb the finding that the failure to file a motion to correct error was Cheeks' fault.

Post–Conviction Rule 2 stipulates three grounds which must be established before the post-conviction court may permit a belated motion to correct error. Because the fault for not filing a timely motion to correct error was attributable to Cheeks, one of the grounds indentified in the post-conviction rule did not exist. Therefore, the post-conviction court properly denied Cheeks' Petition for Permission to File a Belated Motion to Correct Errors.

Affirmed.

STATON and BUCHANAN, JJ., concur.