Larry JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0806–CR–317.

Court of Appeals of Indiana.

Feb. 13, 2009.

Publication Ordered March 26, 2009.

Joseph F. Thoms, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Larry Johnson appeals the trial court's determination that he committed a crime of domestic violence under Ind.Code §§ 35–38–1–7.7 and 35–41–1–6.3. Johnson raises one issue, which we revise and restate as whether the trial court erred when it determined that he committed a crime of domestic violence. On cross appeal, the State raises one issue, which we revise and restate as whether the trial court erred when it granted Johnson's motion to file a belated appeal. We affirm in part and reverse in part.

The relevant facts follow. In November 2007, Johnson knowingly touched Barbara Gorman in a rude, insolent, or angry manner, and that touching resulted in contusions and pain to Gorman. At the time, Johnson and Gorman had been living together for two or three months as a "convenience" because Gorman "lost her apartment." Transcript at 11. However, they maintained separate finances.

On December 14, 2007, the State charged Johnson with two counts of battery as class A misdemeanors and two counts of domestic battery as class A misdemeanors. On January 30, 2008, Johnson pled guilty to one count of battery as a class A misdemeanor, and the State dismissed the remaining charges. That same day, Johnson signed and initialed an advisement and waiver of rights, which recited among other rights that he had "the right to appeal any decision made by the Judge," but that, "[b]y pleading guilty," Johnson would "give up and waive each and every one of these rights." Appellant's Appendix at 22.

As provided in the plea agreement, the trial court sentenced Johnson to 365 days with 355 days suspended. The trial court also determined, over Johnson's objection, that Gorman was someone with whom Johnson was cohabiting as a spouse and that Johnson was therefore guilty of a crime of domestic violence under Ind.Code §§ 35–38–1–7.7 and 35–41–1–6.3.

On February 22, 2008, Johnson filed a motion to enforce the plea agreement arguing that he had pled guilty to battery pursuant to a plea agreement, that the State had dismissed the domestic battery charges, and that, therefore, the trial court had impermissibly changed the terms of the plea agreement by finding him guilty of a crime of domestic violence. At a hearing on the motion on March 26, 2008, the State agreed that it "didn't think that the domestic element could be made." Transcript at 16. Nevertheless, the trial court denied Johnson's motion.

On April 24, 2008, pauper appellate counsel was appointed for Johnson. On April 30, 2008, Johnson filed a motion to file a belated notice of appeal pursuant to Post–Conviction Rule 2 arguing that he had not been advised of his right to appeal

and, upon learning of that right, had exercised it and demonstrated diligence in requesting that an appeal proceed. The trial court granted the motion on May 1, 2008.

We first address the issue raised by the State on cross appeal of whether the trial court erred when it granted Johnson's motion to file a belated appeal. Indiana Post–Conviction Rule 2(1) provides a defendant an opportunity to petition the trial court for permission to file a belated notice of appeal. *Moshenek v. State,* 868 N.E.2d 419, 422 (Ind.2007), *reh'g denied.* Ind. Post–Conviction Rule 2(1)(a) provides:

> An eligible defendant [¹] convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court. *Moshenek,* 868 N.E.2d at 422. The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. *Id.* at 423 (citing *Witt v. State,* 867 N.E.2d 1279, 1281 (Ind.2007); *Dobeski v. State,* 275 Ind. 662, 665, 419 N.E.2d 753, 755 (1981)). There are no set standards of fault or diligence,

and each case turns on its own facts. *Id.* Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. *Id.* These include "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." *Id.*

Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling. *Id.* A trial court's ruling on a petition for permission to file a belated notice of appeal under Post–Conviction Rule 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination. *Id.* at 423–424. The trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences. *Id.* (citing *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004)). Where, as here, the trial court does not hold a hearing before ruling on a defendant's petition, we owe no deference to the trial court's factual determinations because they were based on a paper record. *Id.*

The State argues that Johnson did not explain in his motion to file a belated notice of appeal why his failure to file a timely notice of appeal was not his fault, and that he did not meet his burden to prove by a preponderance of the evidence that his failure to file a timely notice of appeal was not his fault.

In his motion to file a belated notice of appeal, Johnson alleged that he had not been advised of his right to appeal and, upon learning of that right, had exercised it. Our review of the record reveals that

---

1. An "eligible defendant" is defined under the rule as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post–Conviction Rule 2.

the trial court never orally advised Johnson of his appellate rights. Furthermore, when Johnson pled guilty, he signed and initialed an advisement and waiver of rights, which stated in part that, by pleading guilty, he was giving up and waiving his right to appeal "any decision made by the Judge." Appellant's Appendix at 22.

■ We recognize that "when a defendant pleads guilty, he waives the right to appeal his conviction." *Creech v. State,* 887 N.E.2d 73, 74 (Ind.2008) (citing *Collins v. State,* 817 N.E.2d 230, 231 (Ind.2004)). The Indiana Supreme Court has also clarified that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Id.* at 75. However, in the present case, Johnson is appealing neither the factual basis of his conviction, nor his sentence. Rather, in determining that Johnson had committed a crime of domestic violence, the trial court made a determination that was not part of Johnson's plea agreement. Johnson objected, and, on February 22, 2008, within thirty days of the guilty plea hearing held on January 30, 2008, filed a motion to enforce the plea agreement. On March 26, 2008, over a month later, the trial court held a hearing on the motion, at which the State admitted that it "didn't think that the domestic element could be made." Transcript at 16. The trial court denied the motion, and, on April 24, 2008, pauper appellate counsel was appointed for Johnson. Johnson filed his motion to file a belated notice of appeal pursuant to Post–Conviction Rule 2 six days later, which the trial court granted. Given these facts, particularly the evidence suggesting that Johnson did not believe he could appeal the trial court's finding, we cannot say that the trial court erred when it found that Johnson was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal.

Accordingly, we cannot say that the trial court erred when it granted Johnson's motion to file a belated notice of appeal.

■ We next address the issue raised by Johnson: whether the trial court erred when it determined that he committed a crime of domestic violence. The trial court made a domestic violence determination regarding Johnson pursuant to Ind.Code § 35–38–1–7.7, which provides:

(a) At the time of sentencing, a court shall determine whether a person has committed a crime of domestic violence (as defined in IC 35–41–1–6.3).

(b) A determination under subsection (a) must be based upon:

(1) evidence introduced at trial; or

(2) a factual basis provided as part of a guilty plea.

(c) Upon determining that a defendant has committed a crime of domestic violence, a court shall advise the defendant of the consequences of this finding.

(d) A judge shall record a determination that a defendant has committed a crime of domestic violence on a form prepared by the division of state court administration.

Ind.Code § 35–41–1–6.3 defines a crime of domestic violence as follows:

"Crime of domestic violence" . . . means an offense or the attempt to commit an offense that:

(1) has as an element the:

(A) use of physical force; or

(B) threatened use of a deadly weapon; and

(2) is committed against a:

(A) current or former spouse, parent, or guardian of the defendant;

(B) person with whom the defendant shared a child in common;

(C) person who was cohabiting with or had cohabited with the defendant as a spouse, parent, or guardian; or

(D) person who was or had been similarly situated to a spouse, parent, or guardian of the defendant.

Here, the trial court found that Gorman was cohabiting with Johnson as a spouse and thus made its domestic violence determination under Ind.Code § 35–41–1–6.3(2)(C). Generally, "a person who has been convicted of a crime of domestic violence may not possess a firearm after the person's release from imprisonment or lawful detention." Ind.Code § 35–47–4–7(a).

The factual basis provided as part of the guilty plea reveals that, although Gorman referred to Johnson as her "live-in boyfriend," Gorman had been living with Johnson for only two or three months when the battery occurred. Appellant's Appendix at 13. Gorman moved in with Johnson as a "convenience" because she "lost her apartment." Transcript at 11. Nevertheless, Gorman and Johnson maintained separate finances. Although the State asserts in its brief that Gorman and Johnson "did engage in sexual relations," we find no support in the factual basis for this assertion. Appellee's Brief at 3.

As noted above, the trial court was required to make its determination based upon the factual basis provided as part of a guilty plea. Ind.Code § 35–38–1–7.7(b). We hold that there was no factual basis provided as part of the guilty plea in support of the trial court's determination that Gorman and Johnson were cohabiting as spouses under Ind.Code § 35–41–1–6.3(2)(C). *Cf. Kazmier v. State,* 863 N.E.2d 912, 916 (Ind.Ct.App.2007) (affirming the trial court's domestic violence determination where the defendant had committed battery as a class A misdemeanor on a victim whom he testified was his wife of twenty-three years). We therefore hold that the trial court erred when it determined that Johnson committed a crime of domestic violence.

For the foregoing reasons, we affirm the trial court's grant of Johnson's motion to file a belated appeal and reverse the trial court's determination that Johnson committed a crime of domestic violence under Ind.Code §§ 35–38–1–7.7 and 35–41–1–6.3.

Affirmed in part and reversed in part.

ROBB, J. and CRONE, J. concur.

### ORDER

On February 13, 2009, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Verified Motion for Publication.

Having considered the matter, the court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Verified Motion for Publication is GRANTED and this Court's opinion handed down in this cause on February 13, 2009, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

ROBB, CRONE, BROWN, JJ., concur.