**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**THOMAS R. CLEMENTS**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS R. CLEMENTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1204-CR-161 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David C. Bonfiglio, Judge
Cause No. 20D06-1110-PC-2

**October 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Thomas Clements, *pro se*, appeals the trial court's denial of his Verified Petition for Permission to File a Belated Notice of Appeal. Clements raises several issues, one of which we find dispositive and restate as whether the court abused its discretion in denying his Verified Petition for Permission to File a Belated Notice of Appeal. We affirm.

The relevant facts follow. In October 2009, Clements pled guilty pursuant to a plea agreement[1] to two counts of non-support of a dependent child as class C felonies under cause number 20D06-0803-FC-5 ("Cause No. 5").[2] The court held a sentencing hearing on October 14, 2009, and sentenced Clements to five years with four years suspended for each count, to be served consecutively. In September 2010, Clements filed a motion for modification of sentence, and the court denied the motion.[3]

On August 16, 2010, Clements, *pro se*, filed a verified petition for permission to file a belated notice of appeal under cause number 20D06-1008-PC-10 ("Cause No. 10") in connection with Cause No. 5.[4] On September 15, 2010, Clements filed a motion for appointment of counsel which the court directed to the State Public Defender to determine if referral was appropriate. In November 2010, the State Public Defender filed a Notice to the Court informing the court that it would not be entering an appearance on

---

[1] A copy of the plea agreement is not included in the record.

[2] Clements had been ordered to pay support for K.H. and C.C. under cause number 20D02-0205-JP-84 ("Cause No. 84").

[3] A copy of the motion for modification of sentence is not included in the record. The September 20, 2010 entry in the CCS for Cause No. 5 states that Clements "was given the least amount of time – 2 years – allowed by law. [Clements] was non-suspendable at the time of sentencing. The Court gave him the least restrictive placement for the mandatory two years, community corrections." Appellee's Appendix at 7-8.

[4] A copy of Clements's August 2010 petition is not included in the record.

behalf of Clements under Cause No. 10.[5]  In November 2010, Clements filed a motion to withdraw his August 16, 2010 petition, which the court granted.

On October 20, 2011, Clements, *pro se*, filed a second Verified Petition for Permission to File a Belated Notice of Appeal under cause number 20D06-1110-PC-2 ("Cause No. 2") in connection with Cause No. 5, from which this appeal arises.[6] Clements alleged that he was never advised of his right to appeal the sentence resulting from his guilty plea, that he did not fully comprehend how to proceed *pro se*, that he had been diligent in his efforts to proceed, that he had been misled by the court-appointed attorney as to the terms of his sentencing and that his counsel was ineffective, that he was under duress and duped into pleading guilty to the non-support counts, that the circumstances of the case could not support two convictions as both counts were based upon the same evidence, that he filed his petition as soon as he learned of his right to appeal the unlawful conviction, and that there exists evidence of material facts not previously presented that requires vacation of the conviction or sentence in the interest of justice. On December 5, 2011, Clements filed a petition to allow exhibits into evidence, including a page from the CCS under Cause No. 84, the charging information and

---

[5] The Notice to the Court stated that "[f]ollowing [the deputy public defender's] review of the court's file and the audio-recording of [Clements's] guilty plea, counsel has determined that the appointment of the State Public Defender is not appropriate at this time in this matter," that "[t]his court had no discretion in terms of the sentence [Clements] received" under Cause No. 5, and that "[t]herefore, [Clements] was not entitled to a direct appeal following his sentencing and is not now entitled to a belated direct appeal." Appellant's Appendix at 12.

[6] The copy of the petition contained in the record shows that it was file-stamped by the court on October 20, 2011. However, the CCS entry for Cause No. 2 reflecting that the petition had been filed was an entry made on or dated October 31, 2011.

3

probable cause affidavit under Cause No. 5, and a letter from his public defender stating her belief that it would be in Clements's best interest to enter a plea in Cause No. 5.

On March 8, 2012, the court held a hearing on Clements's October 20, 2011 petition. At the hearing, Clements argued that his counsel in Cause No. 5 was ineffective, that his counsel did not keep him informed and pressured him to enter a plea in order to dispose of the case as quickly as possible, and that his convictions for non-support violated double jeopardy. The State noted that Clements had filed a motion for modification of sentence in September 2010 and argued that the filing shows that the matters raised in his current petition were within his knowledge at that time and that Clements filed the petition a year later asserting the same issue. Clements argued in response that he had not adequately raised his double jeopardy contention as to the convictions under Cause No. 10. After taking the matter under advisement, the court entered an order denying Clements's October 20, 2011 petition and stating in part:

> Court having taken this matter under advisement, [Clements] failed to carry his burden under P.C. 2(1)(a). He presented no evidence that failure to file a timely appeal was not his fault and further, he was sentenced on 10/4/2009. He had previously filed PCR P.C. 2 and requested same be dismissed on 11/24/2010. This Petition was filed 10/31/11,[7] nearly a year after dismissal of the prior P.C. 2. This shows Clements has not been diligent in requesting permission to file a belated appeal.

Appellant's Appendix at 9.

---

[7] As previously mentioned, although an entry dated October 31, 2011, in the CCS for Cause No. 2 stated that the petition had been filed, the copy of the petition contained in the record was file-stamped by the court on October 20, 2011.

Although Clements is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied.

The sole issue is whether the trial court abused its discretion in denying Clements's October 20, 2011 Verified Petition for Permission to File a Belated Notice of Appeal. Ind. Post-Conviction Rule 2(1)(a) provides:

> An eligible defendant[8] convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> > (1)  the defendant failed to file a timely notice of appeal;
> >
> > (2)  the failure to file a timely notice of appeal was not due to the fault of the defendant;  and
> >
> > (3)  the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court. Johnson v. State, 903 N.E.2d 472, 474 (Ind. Ct. App. 2009) (citing Moshenek v. State, 868 N.E.2d 419, 422 (Ind. 2007), reh'g denied). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. Id. (citing Moshenek, 868 N.E.2d at 423). There are no set standards of fault or diligence, and each case turns on its own facts. Id. Several

---

[8] An "eligible defendant" is defined under the rule as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." See Johnson v. State, 903 N.E.2d 472, 474 n.1 (Ind. Ct. App. 2009) (citing P-C.R. 2).

factors are relevant to the defendant's diligence and lack of fault in the delay of filing. Id. These include "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." Id.

Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling. Id. A trial court's ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination (often described in shorthand as "abuse of discretion"). Moshenek, 868 N.E.2d at 423-424. The trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences. Id. at 424 (citing Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004)).[9]

Clements asserts that the trial court erred in denying his petition for permission to file a belated notice of appeal, that he has been diligent with his attempts to correct his faulty conviction but was unknowledgeable of the correct procedures to proceed, and that he attempted to pursue the matter to the best of his ability with limited time, resources, and assistance at the New Castle Correctional Facility. Clements further argues that his public defender provided ineffective assistance, that he trusted his counsel during the time of his non-support charges, and that his counsel failed to investigate the legal aspects and circumstances of his charges and pushed him into a plea agreement which

---

[9] We note that where a trial court does not conduct a hearing on a petition for permission to file a belated appeal, we review the court's decision regarding the petition *de novo*. See Bosley v. State, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007). Here, however, the trial court did conduct a hearing on Clements's petition.

was unfair and unlawful. Clements also argues that the court was not permitted to enhance both his convictions to class C felonies.

The State argues that the court properly denied Clements's petition for leave to file a belated appeal, that Clements has not shown that his failure to file a timely notice of appeal was not his fault and that he has been diligent in requesting permission to file a belated notice of appeal, that Clements filed his petition over two years after he was sentenced, and that the claims Clements attempts to raise are not proper issues for direct appeal.

In his reply brief, Clements argues that he has attempted to the best of his ability "to bring an illegal action of the trial Court to the attention of the Higher Court," that it is in the best interest of justice to have his arguments analyzed, that "[w]hile it may be out of the ordinary to request such, [he] only request[s] this honorable Court to review his pending action in its entirety, and give him a fair and deserving response," and that he does not have "the ability to wade through large amounts of legal research, nor the resources to obtain adequate counsel." Appellant's Reply Brief at 1-2.

Here, Clements was sentenced on October 14, 2009, under Cause No. 5. He filed a motion for modification of sentence in September 2010 under that cause, which the court denied. Clements filed his initial petition for permission to file a belated notice of appeal in August 2010 under Cause No. 10, and, after the State Public Defender did not enter an appearance on his behalf, filed a motion to withdraw his petition in November 2010. Nearly one year later, on October 20, 2011, Clements filed another petition for

7

permission to file a belated notice of appeal under Cause No. 2, from which this appeal arises.

Clements did not present evidence at the March 8, 2012 hearing or offer any explanation as to how he was prevented from filing a timely notice of appeal as to his sentence under Cause No. 5 or the reason for the months-long delay in seeking permission to file a belated appeal. To the extent Clements argues on appeal that the delay was due to the lack of resources or assistance available to him while incarcerated, we note that Clements does not cite to the record or evidence in his appellate briefs and did not present evidence or arguments related to these grounds at the hearing before the court. We further note that Clements had some familiarity with the legal system based upon his filings in the cause numbers discussed above as well as in Cause No. 84 establishing paternity and a support order, and in other proceedings. Also, with respect to Clements's allegation in his Petition that he was never advised of his right to appeal the sentence resulting from his guilty plea, we note that Clements did not offer into evidence or ask the court to take judicial notice of his plea agreement or the sentencing transcript in Cause No. 5 at the March 8, 2012 hearing and that the court did not take judicial notice *sua sponte* of the record in Cause No. 5, and therefore the plea agreement and sentencing transcript in Cause No. 5 were not before the court for consideration. See Mitchell v. State, 946 N.E.2d 640, 644-645 (Ind. Ct. App. 2011) (stating that Ind. Evid. Rule 201(b)(5)[10] allows a post-conviction court to judicially notice the transcript of the evidence from the petitioner's underlying criminal proceedings, and noting that the

_____

[10] Ind. Evid. Rule 201(b) ("A court may take judicial notice of law. Law includes . . . records of a court of this state . . . .")

8

petitioner did not offer his trial record into evidence at the post-conviction hearing or ask the post-conviction court to take judicial notice of the record, that the court did not judicially notice the record *sua sponte*, and that the trial record therefore was never before the post-conviction court for consideration), reh'g denied, trans. denied.

Under the circumstances and after reviewing the record, we cannot say that the court abused its discretion in finding that Clements failed to meet his burden in pursuing permission to file a belated notice of appeal. As a result, we cannot say that the court abused its discretion in denying Clements's motion to file a belated notice of appeal. See Clark v. State, 506 N.E.2d 819, 821-822 (Ind. 1987) (holding that the evidence was insufficient to show either absence of defendant's fault or the existence of diligence on his part and noting that four months elapsed following defendant's sentencing before the defendant manifested a desire to initiate an appeal); Prater v. State, 459 N.E.2d 39, 41 (Ind. 1984) (observing that "ignorance of this Court's procedural rules is not a valid reason for being granted permission to file a belated appeal" and holding that the trial court did not err in denying the defendant's petition for belated appeal); Land v. State, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994) (holding that the trial court did not abuse its discretion in finding that the defendant was not diligent in requesting permission to file a belated praecipe under Post-Conviction Rule 2 where the court found the defendant was familiar with the criminal justice system and did not exercise diligence in pursuing an appeal), reh'g denied, trans. denied.

For the foregoing reasons, we affirm the trial court's denial of Clements's Verified Petition for Permission to File a Belated Notice of Appeal without prejudice to his right to seek post-conviction relief pursuant to Ind. Post-Conviction Rule 1.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.