James W. **MAJORS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 34A02–8911–CR–580.[1]

Court of Appeals of Indiana, First District.

March 27, 1991.

Rehearing Denied May 16, 1991.

---

2. Corbin's remedy, if any, is with the civil law.

1. This case was reassigned to this office on January 2, 1991.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James W. Majors appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUES

We restate the issues on appeal as:

1. Did Majors knowingly and voluntarily plead guilty to dealing in cocaine?

2. Is Majors' guilty plea invalid because the plea agreement included a provision by which he waived his right to post-conviction relief?

3. Was Majors denied effective assistance of counsel at his guilty plea hearing?

4. Did the post-conviction court err in excluding the testimony of Jesse Griffin, Majors' alleged co-conspirator?

## FACTS

On July 25, 1985, Majors pleaded guilty, pursuant to a plea agreement, to dealing in cocaine [2], a Class B felony. In the plea agreement, Majors agreed to waive his right to post-conviction relief. The state agreed to drop a conspiracy charge and two other counts of dealing in cocaine. The court sentenced Majors to fourteen years' imprisonment. Majors sought post-conviction relief, which was denied. Other relevant facts will be stated in our discussion of the issues.

2. IND.CODE § 35–48–4–1.

## DISCUSSION AND DECISION

*Issue One*

Majors raises several arguments to show his guilty plea was not knowingly, intelligently, and voluntarily entered. When reviewing a claim that a plea was involuntarily and unknowingly made, we review all the evidence before the post-conviction court, any testimony at the post-conviction hearing, the transcript of the original sentencing hearing, and any plea agreements or exhibits contained in the record. *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

■ First, Majors claims he was misinformed that he was facing Class A felonies, not Class B felonies, and that he could receive consecutive sentences on the four counts. We find Majors' contentions are without merit. The informations charge Majors with Class A felonies, not Class B felonies, under IND.CODE § 35–48–4–1. Therefore, the court properly informed Majors about the nature of the charged offenses and possible penalties.

Majors was indicted on four counts. Cause no. 6661 charged Majors with three counts of dealing in cocaine for acts on December 7, 1983, February 1, 1984, and February 9, 1984, respectively. Cause no. 6657 charged Majors with conspiracy to deal in cocaine on December 7, 1983. Majors contends the court and his attorney misinformed him that he could receive consecutive sentences on the four counts. Since the events in the first three counts occurred on different days, each one is a separate offense for which Majors could be sentenced consecutively.

Majors also argues the first count for dealing in cocaine and the count for conspiracy are based upon the same set of facts; and therefore, he could not be sentenced on both counts. He contends he was misinformed he could be sentenced on both counts. Majors' contention has been rejected previously. "[C]onspiracy is a separate crime posing distinct dangers apart from those of the underlying substantive offense. A person may be convicted of both the substantive act and conspiracy to commit the act. Separate sentences are therefore usually imposed[.]" *Hossman v. State* (1985), Ind.App., 482 N.E.2d 1150, 1155, *trans. denied* (citations omitted). We do not find Majors was misinformed.

■ Majors further claims the court failed to advise him of his rights at the time he entered his plea of guilty. He relies on *Collins v. State* (1979), 182 Ind. App. 95, 98–99, 394 N.E.2d 211, 214, which held the failure to advise the defendant of his rights when he enters his plea of guilty cannot be corrected by advisement of such rights at the sentencing hearing. IND. CODE §§ 35–4.1–1–3 and 35–4.1–1–4 (currently IND.CODE §§ 35–35–1–2 and 35–35–1–3) require an advisement of rights before the plea is accepted. *Id.* We find the trial court followed the statutory mandates.

On July 1, 1985, a hearing on the plea bargain was held. However, the court took the plea agreement under advisement. On July 26, 1985, the court held the change of plea hearing at which he advised Majors of his rights. Immediately following the advisement of rights and the court's acceptance of the guilty plea, the court held the sentencing hearing. The record clearly shows the court properly followed I.C. §§ 35–35–1–2 and 35–35–1–3. We find Majors knowingly and voluntarily pleaded guilty.

*Issue Two*

■ Majors argues his guilty plea is invalid because the plea agreement includes a provision waiving his right to seek post-conviction relief. Majors argues this unconstitutionally suppressed his right to appeal. Although we acknowledge that Michigan courts vacate convictions where the defendant waived his right to appeal in the plea agreement, *People v. Butler* (1972), 43 Mich.App. 270, 281, 204 N.W.2d 325, 331, we decline to follow their example in this case. We will not vacate a conviction due to an invalid waiver provision, where the plea is voluntary in all other aspects and such waiver provision did not prevent the defendant from seeking relief. However, we do hold that such provisions in plea agreements which waive the right to seek

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

post-conviction relief are void and unenforceable.

Here, Majors did not lose or waive his right to appellate review. The plea agreement was not enforced, and Majors was allowed to file and obtain post-conviction review of his guilty plea. Therefore, we do not find the post-conviction court erred in refusing to invalidate Majors' guilty plea.

*Issue Three*

▇▇ Majors complains he received ineffective assistance of counsel. Specifically, Majors asserts his attorney failed to investigate the case sufficiently before advising Majors to accept the plea agreement because he did not listen to the tape recordings, and he misinformed him about possible convictions for all four Class A felonies. Majors must show that his attorney's performance was deficient and that he was prejudiced by the deficient performance. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1233.

Although the attorney admitted he had not listened to the tapes, which later were found to be inaudible, he was aware the state's witnesses could testify about the conversations that had been recorded. Therefore, the attorney's failure to listen to the tapes did not amount to ineffective assistance of counsel.

Based on our discussion in Issue One concerning the possible convictions, we find counsel's advice to be appropriate. Majors fails to prove ineffective assistance of counsel.

*Issue Four*

▇▇ Majors' final argument is that the post-conviction court erred in excluding part of the testimony of the alleged co-conspirator, Jesse Griffin. Griffin testified he was never interviewed by Majors' counsel. Majors offered to prove that Griffin denied entering any drug transaction with Majors or any agreement regarding drugs. Majors contends this testimony was relevant to show his trial counsel's inadequate assistance of counsel.

However, Majors' counsel testified at the post-conviction hearing that he advised Majors that he was facing a minimum sentence of twenty years if he were tried and convicted. Such advice correctly presents that Majors, if convicted of one of the Class A charges, would be sentenced at least twenty years. *See* IND.CODE § 35–50–2–1. Even if Majors' attorney had interviewed Griffin and had concluded the conspiracy charge was illusory, the advice concerning the possible sentences still applied. We do not find Griffin's testimony would have shown Majors was denied effective assistance of counsel. Therefore, we find no error in the exclusion of such testimony.

Affirmed.

HOFFMAN, J., concurs.

BUCHANAN, J., concurs in result.