Santiago **PEREZ**, Appellant–Petitioner,

v.

**STATE of Indiana**, Appellee–Respondent.

No. 12A05–0701–CR–22.

Court of Appeals of Indiana.

May 22, 2007.

Susan K. Carpenter, Public Defender of Indiana, Kelly A. Kelly, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

Santiago Perez was tried by jury, convicted of murder and sentenced to sixty years. The supreme court reversed for counsel's failure to object to an erroneous instruction and remanded for a new trial. The case was again set for trial, and during jury selection on April 23, 2002, a plea agreement was reached. The agreement provided that Perez would plead guilty to voluntary manslaughter, that he would be sentenced by a different judge and that he would be sentenced to a term of not less than thirty or more than fifty years. The agreement included a specific waiver of Perez' right to appeal his conviction and sentence either by direct appeal or through post-conviction relief. The court accepted the plea agreement and sentenced Perez to forty-seven years.

On August 29, 2002, Perez filed a *pro se* petition for post-conviction relief under Ind. Post–Conviction Rule 1, and on November 1 the county public defender appeared for him.

On November 9, 2004, our supreme court decided *Collins v. State,* 817 N.E.2d 230 (Ind.2004) which held that the way to challenge a sentence after a guilty plea where the court has had discretion in fixing the term of the sentence is by direct appeal or, if the time for filing a direct appeal has run, by filing an appeal under P–C.R. 2. 817 N.E.2d at 233.

On December 21, 2004, Perez moved to dismiss his P–C.R. 1 petition without prejudice and moved for counsel at county expense to pursue proceedings under P–C.R. 2. The court denied this motion on December 24, 2004.[1]

On November 29, 2005, the supreme court decided *Kling v. State,* 837 N.E.2d 502 (Ind.2005) which determined that in *Collins* P–C.R. 2 proceedings the state public defender should handle the P–C.R. 2 petition, and if it is granted, the county public defender should represent the appellant in the actual belated appeal.

On November 21, 2006, the state public defender, on behalf of Perez, filed a motion for a belated direct appeal (P–C.R. 2). The court summarily denied this motion on November 27, 2006, and this appeal followed.

Perez raises three issues on appeal: (1) whether the court erred in denying the petition without a hearing; (2) whether he waived his appellate rights pursuant to the terms of the plea agreement; and, (3) whether he was diligent and not at fault seeking a belated direct appeal.

■ Because of its overriding significance we consider the waiver issue first.

---

1. The state's brief mistakenly asserts the motions were granted. Appellee Brief at 3.

Perez cites *Majors v. State*, 568 N.E.2d 1065, 1067–1068 (Ind.Ct.App.1991) *trans. denied*, for the proposition that provisions in plea agreements which waive the right to seek post-conviction relief are void and unenforceable. This statement by the *Majors* court was made without discussion or citation to authority and was actually dictum since no attempt had been made to enforce the waiver provision, and Majors did not lose or waive his right to seek post-conviction relief or appellate review. Even so, two cases since *Majors* have accepted the proposition as a correct statement of the law. *See, Lockert v. State*, 711 N.E.2d 88 (Ind.Ct.App.1999) (cited in footnote 5 and dissenting opinion); *Johnston v. State*, 702 N.E.2d 1085, 1090 (Ind.Ct.App.1998) Sullivan, J. concurring separately. In addressing the issues before us, however, we need not determine the vitality of the *Majors* rule.

Perez' petition for a belated direct appeal does not allege specific grounds he would assert in a direct appeal, so we must assume he wishes to present some proper ground. Of course, his guilty plea ordinarily constitutes a waiver of his right to appeal his conviction.[2]

Pursuant to *Collins*, and because under the agreement the court had discretion to sentence Perez to anything between thirty and fifty years, a direct appeal might lie to challenge the discretionary sentence imposed.

It thus becomes necessary to examine the validity of the waiver of any direct appeal contained in the plea agreement. The agreement provided, in part, "Defendant waives any right to appeal his conviction and sentence in this cause either by direct appeal or by post conviction relief."

In addition the judge expressly reviewed with Perez that he was agreeing to waive any right to appeal the sentence to be imposed, that he would not be complaining about the sentence he received as long as it was within the parameters of thirty to fifty years. When then asked if that was what he was requesting, Perez responded that it was.

In *Clark v. State*, 506 N.E.2d 819, 821 (Ind.1987) the supreme court held that Clark had waived his right to appeal, stating:

> The absolute right to one appeal, as assured by Article 7, § 6 of the Constitution of Indiana and implemented by Criminal Rule 11, does not preclude a waiver of that right.

While we have found no Indiana decisions addressing an express waiver of the right to direct appeal as part of a plea bargain agreement, the Seventh Circuit Court of Appeals has routinely ruled that:

> Because plea agreements are basically contracts, we have evaluated their validity and enforceability under principles of contract law. [citations omitted]. More to the point, it is well established that a defendant's appeal waiver is enforceable if made knowingly and voluntarily. [citations omitted]. *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir.2005).

See, also, *United States v. Williams*, 184 F.3d 666 (7th Cir.1999) and cases cited therein.

▮ Likewise, Indiana courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the state. As the court

---

**2.** Perez' P–C.R. 1 petition which, as far as the record before us shows, remains pending, asserted that he wanted to challenge his plea because he believed he would receive a thirty year sentence. If he was misled into that belief, P–C.R. 1 would be the proper means to challenge his plea as not knowingly, intelligently and voluntarily entered.

reiterated in *Lee v. State*, 816 N.E.2d 35, 38 (Ind.2004):

> [A] plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the defendant are the contracting parties, and the trial courts role with respect to their agreement is described by statute: If the court accepts a plea agreement, it shall be bound by its terms.

In the case before us, Perez agreed both in the written plea agreement and in his colloquy with the court that he was waiving his right to a direct appeal of his sentence as long as it was within the parameters of thirty to fifty years. (Appendix, pp. 129–130).

We find that a defendant may in a plea agreement waive his right to a direct appeal of his sentence [3]. We conclude Perez' waiver of his right to direct appeal of his sentence was valid. We, therefore, further conclude the court did not err in denying his petition without a hearing.

Affirmed.

SULLIVAN, J., and MATHIAS, J., concur.

---

**3.** A trial court may, of course, choose to reject a plea agreement with such waiver provisions.