## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Feb 25 2016, 6:54 am

*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Office of Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Mark Matthew Fritz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 25, 2016

Court of Appeals Case No.
76A04-1509-CR-1430

Appeal from the Steuben Superior Court

The Honorable William C. Fee, Judge

Trial Court Cause No.
76D01-1405-MR-1

**Robb, Judge.**

# Case Summary and Issues

[1] Mark Fritz entered a plea of guilty to voluntary manslaughter, a Class B felony, and was sentenced to twenty years in the Indiana Department of Correction. On appeal, Fritz raises two issues regarding his sentence: 1) whether the provision in his plea agreement waiving the right to appeal is enforceable; and 2) whether his twenty-year sentence, the maximum allowable under the plea agreement, is inappropriate in light of the nature of his offense and his character. Concluding the plea agreement is enforceable and Fritz waived his right to appeal his sentence, we affirm.

# Facts and Procedural History

[2] On June 24, 2001, Samuel Hunter was found dead in his home. His murder remained unsolved until 2014, when police recorded a conversation between Fritz and his niece in which he admitted to killing a man matching Hunter's description in the same manner Hunter was killed. On May 14, 2014, the State charged Fritz with Hunter's murder. At Fritz's initial hearing, counsel was appointed to represent him. On April 1, 2015, the State added a charge of voluntary manslaughter. On that same date, Fritz and the State entered into a written plea agreement pursuant to which Fritz would plead guilty to voluntary manslaughter. In addition, the plea agreement provided:

> Defendant understands that he/she may be sentenced to a period of incarceration of between 6 years and 20 years and expressly waives any right to appeal his/her conviction and sentence in this

> cause either by direct appeal or by post conviction relief so long
> as the sentence is within the parameters described above.

Appellant's Appendix at 60.

[3]     At the change of plea hearing, the trial court placed Fritz under oath and then advised him that the court's purpose was to "make sure that you understand what you are doing. That your acts are done voluntarily." Transcript at 5. Fritz acknowledged that no one had forced or threatened him into entering the plea agreement. The trial court then advised Fritz of the various rights he was giving up by pleading guilty, including the right to appeal his conviction.

> Court: Any questions, Sir, about those rights?
>
> [Fritz]: No.
>
> Court: And do you think you understand those, then, Mr. Fritz?
>
> [Fritz]: Yes.
>
> Court: And do you understand that by pleading guilty, you are
> giving those rights up?
>
> [Fritz]: Yes.

*Id.* at 9. At the trial court's request, the State read the plea agreement for the record:

> The plea is to Voluntary Manslaughter. The Court will impose
> sentence. That sentencing range is a period of incarceration of

between six years and twenty years. The defendant expressly waives any right to appeal his conviction and sentence either by direct appeal or post-conviction relief so long as it is within these parameters. There is a mandatory $100.00 public defender fee.

*Id.* at 11. Fritz agreed this was his understanding of the plea agreement. Fritz offered a factual basis for the offense and pleaded guilty. The trial court took Fritz's plea under advisement pending preparation of a pre-sentence investigation report and scheduled a sentencing hearing.

[4] At the April 27, 2015, sentencing hearing, the trial court accepted the plea agreement and dismissed the murder charge on the State's motion. At the conclusion of the hearing, the trial court sentenced Fritz to twenty years in prison, the maximum sentence allowable under the plea agreement.

[5] On May 21, 2015, Fritz sent a letter to the trial court indicating he wanted to appeal his sentence and requesting appointment of appellate counsel. Upon learning of this letter, Fritz's trial counsel filed a motion to correct errors, arguing Fritz's sentence was erroneous because the trial court gave too much weight to Fritz's criminal history and not enough to his guilty plea. The motion also requested the trial court appoint counsel for appeal. The trial court conducted a hearing on this motion on August 17, 2015, and denied the motion to correct errors because "this is a form of appellate review and there is this contract in place." *Id.* at 36. In addition, the trial court noted the sentence was within the parameters of the plea agreement. The trial court also declined to appoint appellate counsel "because there is no appeal before the Court at this

time." *Id.* at 37. On August 21, 2015, the trial court reconsidered its ruling in part and appointed the office of the Public Defender of Indiana as appellate counsel for Fritz.

[6] Fritz filed a notice of appeal on September 15, 2015. On November 12, 2015, Fritz, by counsel, filed a motion to dismiss the appeal because "counsel has found no evidence to support a possible claim that [Fritz's] waiver of his appellate right was not knowing or voluntary." Verified Motion to Dismiss Appeal at 2. This court denied the motion to dismiss, however:

> This case involves an appeal from a criminal case. This Court will not grant an Appellant's request to dismiss such an appeal unless the Appellant demonstrates: (a) Appellant has been specifically advised that this is his or her only opportunity to directly appeal the trial court's judgment; and (b) after having been advised of the consequences of dismissal of this appeal, Appellant consents to dismissal. A verified statement by counsel or an Affidavit signed by the Appellant setting forth this information will suffice.

Order (November 20, 2015). The motion was denied without prejudice to Fritz's right to file an amended motion to dismiss containing the required information within thirty days. Instead, Fritz timely filed his appellate brief.

# Discussion and Decision

[7] A provision waiving the right to appellate review as part of a written plea agreement is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily." *Creech v. State*, 887 N.E.2d 73, 75 (Ind.

2008) (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). Here, Fritz signed the plea agreement containing the waiver provision and acknowledged to the trial court at his guilty plea hearing that he understood that provision and was voluntarily entering into the agreement. Nonetheless, Fritz argues he has not waived his right to appeal for several reasons: 1) the provision included an unenforceable waiver of the right to pursue post-conviction relief; 2) the trial court created an ambiguity regarding Fritz's right to appeal when it appointed appellate counsel; and 3) this court denied Fritz's motion to dismiss suggesting the case should be decided on its merits.

[8] Fritz is correct that provisions in plea agreements waiving the right to seek post-conviction relief are void and unenforceable. *Id.* at 75-76. However, Fritz is attempting a direct appeal, not pursuing a post-conviction remedy, and as noted above, a defendant may waive his right to direct appeal. The plea agreement scrutinized in *Perez v. State*, 866 N.E.2d 817, 819 (Ind. Ct. App. 2007), *trans. denied*, also contained both waiver provisions, and this court enforced the waiver of direct appeal. Likewise here, the fact that the waiver of post-conviction relief is unenforceable does not invalidate the waiver of the right to direct appeal. *See State v. Arnold*, 27 N.E.3d 315, 321 (Ind. Ct. App. 2015) (noting that plea agreements are contractual in nature, and that as a general proposition, the fact that one part of an agreement may be void or unenforceable does not render the entire agreement void if the prohibited and valid provisions are severable), *trans. denied*.

[9]  After a defendant pleads guilty and receives the benefit of a plea bargain, subsequent actions by the trial court do not affect a knowing and voluntary waiver of appeal rights because "[m]ost waivers are effective when set out in writing and signed." *Creech*, 887 N.E.2d at 76-77 (alteration in original) (citation omitted). Thus, in *Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008), *trans. denied*, we held a waiver provision in a plea agreement was unenforceable where the trial court advised the defendant *at his plea hearing* that he had the right to appeal because he entered his plea with the understanding he retained the right to appeal his sentence. However, where the subsequent erroneous statements or potentially misleading actions are made *after the plea is entered*, the waiver is not invalidated. *See Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (noting the trial court's appointment of appellate counsel at defendant's request more than a week after sentencing did not invalidate the waiver provision in defendant's plea agreement).

[10]  At Fritz's guilty plea hearing, the trial court explained to Fritz the terms of the plea agreement and what rights he was giving up by entering into it, including the right to appeal. Fritz affirmed to the trial court that he understood the terms of the agreement. The trial court sentenced Fritz to a term within the range provided in the plea agreement. The appointment of appellate counsel was first raised in Fritz's own motion to correct errors, filed a month after his sentencing. At the hearing on the motion to correct errors, the trial court repeatedly referenced Fritz's waiver of the right to appeal. We do acknowledge that the trial court's subsequent appointment of counsel was then understandably

confusing.[1] However, as set out above, the trial court's contradictory action nearly four months after Fritz's sentencing does not invalidate the waiver provision.

[11] Finally, Fritz's motion to dismiss was made prior to this case being fully briefed on appeal, and as such, the order denying the motion to dismiss was not made on the merits but simply asked counsel to show that *Fritz* wished his appeal to be dismissed. Moreover, any actions this court took on appeal cannot have impacted Fritz's understanding of his right to appeal at the time he entered into the plea agreement.

[12] Fritz waived his right to directly appeal his sentence so long as the sentence fell within the parameters of the plea agreement. The trial court's imposition of a twenty-year sentence was within those parameters, and we therefore decline to review his claim that his sentence was inappropriate.

---

[1] The confusion was precipitated by Fritz's own counsel, who had represented him throughout the proceedings, including negotiating the plea agreement and appearing at the change of plea and sentencing hearings, but nonetheless requested the appointment of appellate counsel. Counsel stated at the hearing on the motion to correct errors that he had spoken to someone with the public defender commission and was advised, "not about this case in particular, but there are circumstances when you waive your right to appeal you can nevertheless seek an appeal." Tr. at 36.

Up to and including the hearing on the motion to correct errors, it appeared the trial court was clear on the terms of Fritz's plea agreement and the existence of the waiver provision. It was read into the record at the change of plea hearing, the trial court did not as a matter of course advise Fritz at his sentencing hearing of a right to appeal his sentence, and the trial court referenced the waiver several times during the hearing on the motion to correct errors. Although it appears the trial court recalled the waiver provision on its own, the State also apprised it of the provision during the hearing on the motion to correct errors. It is unclear why the trial court then reconsidered its earlier ruling regarding the appointment of counsel, as it was entered on the Chronological Case Summary as an "administrative event" apparently unrelated to any filing or hearing. Appellant's App. at 11.

# Conclusion

[13] Fritz knowingly and voluntarily entered into a written plea agreement with a provision waiving his appellate rights. Such provisions are valid and enforceable, and Fritz has advanced no reasons to hold otherwise in this case. He thus waived his right to appeal his sentence, and we do not consider the merits of his claim for appellate review of his sentence. The twenty-year sentence imposed by the trial court is affirmed.

[14] Affirmed.

Barnes, J., and Altice, J., concur.