## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2016, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert Summerfield
CGS Law Group
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samantha Cooper, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 30, 2016 <br><br> Court of Appeals Case No. 48A02-1512-CR-2052 <br><br> Appeal from the Madison Circuit Court <br><br> The Hon. Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. 48C03-1402-FB-334 |

**Bradford, Judge.**

# Case Summary

[1] On January 26, 2015, Appellant-Defendant Samantha Cooper pled guilty, pursuant to a written plea agreement ("the Agreement"), to two counts of Class

B felony aiding, inducing, or causing robbery. The Agreement provided that the executed portion of Cooper's sentence was not to exceed six years. The Agreement also provided that Cooper waived the right to appeal any sentence that was within the terms of the Agreement. On February 23, 2015, the trial court sentenced Cooper to an aggregate sentence of ten years, with six executed and four suspended to probation. Cooper contends that the trial court abused its discretion in sentencing her. Because we conclude that Cooper has waived the right to challenge her sentence, we affirm.

# Facts and Procedural History

[2] On February 19, 2014, Cooper was in the home of Leroy Smith, arranging with her boyfriend, via text message, a robbery of Smith. Smith's son and a friend of Smith's were also present. After Cooper transmitted the required information to her boyfriend, he, armed with a long gun, and another man broke into Smith's home. The robbery attempt apparently failed when the intended victims disarmed the boyfriend, threw him down a flight of stairs, and "beat him up in the process." Tr. p. 8.

[3] On February 26, 2014, Appellee-Plaintiff the State of Indiana ("the State") charged Cooper with two counts of Class B felony aiding, inducing, or causing robbery. On January 26, 2015, Cooper and the State entered into the Agreement. In exchange for pleading guilty as charged, Cooper agreed to "A CAP OF SIX (6) YEARS ON ANY PART OF THE SENTENCE ORDERED EXECUTED BY THE COURT." Appellant's App. p. 32. The Agreement

also provided that "The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek review of the sentence pursuant to Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of this plea agreement." Appellant's App. p. 33. Also on January 26, 2015, Cooper pled guilty as charged. On February 23, 2015, the trial court sentenced Cooper to an aggregate sentence of ten years, with six executed and four suspended to probation.

## Discussion and Decision

[4] Cooper contends that the trial court abused its discretion in sentencing her by failing to issue a sentencing statement containing its reasons for imposing sentence or stating those reasons on the record. As the State notes, however, the Agreement provides, *inter alia*, that Cooper has waived the right to challenge her sentence on appeal so long as it is within the Agreement's terms. We have held that "a defendant may in a plea agreement waive his right to a direct appeal of the sentence." *Perez v. State*, 866 N.E.2d 817, 820 (Ind. Ct. App. 2007), *trans. denied*. The Agreement provided that the trial court could impose an executed sentence of no more than six years, which is precisely what the trial

court did.[1]  Because Cooper's sentence is within the terms of the Agreement, she has waived the right to challenge it on direct appeal.  *See id.* (where plea agreement contained sentencing range of thirty to fifty years and waiver of sentence challenge, concluding that defendant could not challenge forty-seven-year sentence on appeal because it was within terms of plea agreement).

The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.

---

[1]  The essence of Cooper's argument seems to be that there is some confusion regarding the sentence actually imposed, pointing specifically to the following passage in the trial court's sentencing order:

> [T]he Court now sentences the defendant as follows:  On Count[] I, to the custody of the Indiana Department of Correction for a period of 10 years.  On Count[] II, to the custody of the Indiana Department of Correction for a period of 10 years concurrent with 6 years executed and 4 years suspended.

Appellant's App. p. 47.  Cooper argues that this passage could lead one to believe that the trial court imposed an executed sentence of sixteen years, not six, which would take her sentence outside the parameters of the Agreement.  The passage, however, includes the word "concurrent[,]" which precludes any reasonable confusion about whether the sentences are, in fact, to be served consecutively.