

FILED

Nov 21 2019, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Vickie Yaser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon L. Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 21, 2019<br><br>Court of Appeals Case No.<br>19A-CR-334<br><br>Appeal from the Orange Circuit Court<br><br>The Honorable Steven L. Owen, Judge<br><br>Trial Court Cause No.<br>59C01-1602-F4-160 |

**Mathias, Judge.**

[1] Brandon L. Johnson ("Johnson") pleaded guilty in Orange Circuit Court to Level 4 felony possession of methamphetamine and was sentenced to twelve years of incarceration. Johnson did not file a timely notice of appeal, but he subsequently filed a petition for permission to file a belated notice of appeal, which the trial court denied. Johnson appeals and presents two issues, which

we restate as: (1) whether the trial court erred by denying Johnson's motion to take judicial notice of certain portions of the record in this case, and (2) whether the trial court abused its discretion by denying Johnson's petition for permission to file a belated notice of appeal.

We affirm.

## Facts and Procedural History

On February 4, 2016, the police pulled over a car in which Johnson, who was on probation at the time, was a passenger. A subsequent search of the car revealed methamphetamine, two hypodermic needles, and digital scales. Johnson later admitted to the police that the scales, the methamphetamine, and the needles were his. He also admitted that he purchased methamphetamine in Louisville, Kentucky so that he could sell it in Orange County, Indiana.

On February 8, 2016, the State charged Johnson with Level 4 felony dealing in methamphetamine, Level 5 felony possession of methamphetamine, and Class B misdemeanor false informing.[1] The State also alleged that Johnson was an habitual offender. On April 3, 2017, Johnson entered into a plea agreement with the State in which he agreed to plead guilty to Level 4 felony dealing in methamphetamine, and the State agreed to dismiss the remaining charges and the habitual offender allegation. With regard to sentencing, the plea agreement provided: "OPEN SENTENCING by the Court, Blind Plea." Appellant's App.

---

[1] Johnson initially gave the police a false identity.

Vol. 2, p. 107. Among the terms of the written plea agreement was: "DEFENDANT WAIVES RIGHT TO APPEAL AND POST CONVICTION RELIEF." *Id.* at 108.

[5] At the change-of-plea hearing held that same day, the trial court advised Johnson of the various rights he would be giving up by pleading guilty, including the right to a public and speedy trial by jury, the right to confront witnesses, the right to remain silent, and the right to counsel. Johnson indicated that he understood he was waiving these rights. With regard to appeal, the trial court stated:

> [Court]: Do you understand that if you were to have a trial and you were found guilty that you would have the right to appeal that conviction and/or sentence –
>
> [Johnson]: Yes.
>
> [Court]: – to the Court of Appeals or Supreme Court, do you understand that?
>
> [Johnson]: Yes.
>
> [Court]: And do you understand that you have the right to be represented by an attorney at all times including your trial, but also, including that Appeal and if you couldn't afford to pay for an attorney to do your Appeals, the Court would appoint one for you, do you understand that?
>
> [Johnson]: Yes.
>
> [Court]: *But, you understand that by pleading guilty here today you're giving up all those rights when it talks about your Appellate rights?*

[Johnson]:    *Yes.*

Appellant's App. Vol. 3, pp. 15–16 (emphases added).[2] After some discussion about whether Johnson retained the right to seek a modification of his sentence, the trial court accepted the plea agreement.

[6] On May 1, 2017, the trial court held a sentencing hearing. Concluding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Johnson to the maximum term of twelve years of incarceration. After imposing its sentence, the trial court stated:

> And because indeed it was made pursuant to a Plea Agreement, the Court, believes in the Plea Agreement itself where it, you waive your right to an Appeal[,] the Court interprets that [as] the right to appeal the Court's decision has also been waived. I'll leave that up to Counsel, but, that's why we're not going to appoint an Attorney to represent you on Appeal.

Appellant's App. Vol. 3, p. 82. Not surprisingly, Johnson did not timely file a notice of appeal.

[7] On November 9, 2017, Johnson filed a pro se request to participate in the purposeful incarceration program. The trial court denied this request on November 15, 2017. On May 14, 2018, Johnson filed a pro se request for appellate counsel. One week later, Johnson filed a pro se petition for post-conviction relief. On May 29, 2018, in response to these filings, the trial court

---

[2] We have removed verbal hesitation markers such as "um" and "ah" from our quotations of the transcript.

referred the matter to the Indiana Public Defender's office. On June 18, 2018, Johnson filed a pro se motion to correct error. The trial court denied this untimely motion on June 29, 2018.

[8] On October 3, 2018, Johnson, now represented by counsel, filed a verified petition for permission to file a belated notice of appeal. In this petition, Johnson claimed that he was unaware of his right to appeal a sentence following a plea agreement until he spoke with a fellow inmate in April 2018. He therefore claimed he was not at fault for failing to timely file a notice of appeal and that he had been diligent in seeking to appeal.

[9] The trial court held an evidentiary hearing on this petition on January 14, 2019. At the hearing, Johnson's counsel asked him, "Did the Plea Agreement that you signed say anything about you waiving the right to appeal your sentence?" Tr. pp. 9–10. Johnson replied, "No, the only thing that the Plea Agreement said was that I waive my right to Appeal and Post-Conviction Relief." *Id*. at 10. Johnson claimed that he was unaware that he could appeal a sentence following a plea agreement. Johnson's trial counsel testified that he did not discuss the waiver of appellate rights with Johnson "other than, you know, the plea agreement," because he was also unaware that a defendant could appeal a sentence following an open plea. *Id*. at 22–23.

[10] At the conclusion of the hearing, the trial court ruled from the bench as follows:

> [The parties] entered into a Plea Agreement that very explicitly stated that they were waiving the right of Appeal. At the taking of the Plea, the Court had not yet accepted that Plea Agreement

and become a party to that Plea Agreement. *[A]nd in advising the Defendant of his right, very explicitly told him that he would be giving up his right to appeal the sentence, looking at that Plea Agreement.* [A]nd the Defendant still did not want to withdraw that Plea Agreement, in fact went in and accepted that Plea Agreement and asked the Court to accept that Plea Agreement[.] So at that Plea Hearing we set the parameters of what the proposed agreement between the Defendant and the State was. [T]he Court accepted that Plea Agreement based upon those parameters. [I]f the Court looking at, looking at Mr. Johnson's record in determining whether to accept or reject the Plea Agreement *and after it was fairly explicitly explained by all parties of what the terms of those Plea Agreements were, namely, that you couldn't appeal it. The Court accepted it and the Plea Agreement as presented. And again, reiterated in its sentencing that it was the Court's opinion, based upon the Plea Agreement, that he had not, he had given up in exchange for the Plea Agreement, his right to appeal the sentence. [I]n his testimony he very explicitly acknowledged that that was the term of that agreement. [H]e thought he had given up his right to appeal his sentence and his conviction.* [H]e didn't learn of this Collins case[3] till some jail, he talked to some individual at the jail, so when we look at the Plea Agreement as entered into all the parties, at the time of the plea, thought that they were dismissing certain cases, dismissing enhancement to sentences and permitting the Court then to have a range of a sentence. And whatever sentence that Court delivered would be acceptable. [C]ertainly the Defendant got a benefit out of that bargain, and the State of knowing it, at least what the sentence, sentencing range and that there was a conviction. *[S]o, I, I can tell you this much, I accepted it because of that condition, [be]cause I'm not going to accept open-ended pleas pursuant to Plea Agreements if they're going to Appeal. It, it, we might as well have a trial,* we might as well or just dismiss things and have it opened. There's . . . ways where you certainly can Appeal, sentences, but, what, the reason why the Court accepts Plea Agreements is for

---

[3] *Collins v. State*, 817 N.E.2d 230 (Ind. 2004), discussed *infra*.

some sense of finality, it saves the County some money in not having a trial, but, I can just sort of be honest that a greater cost is Appeals and how far those Appeals can go at County expense. *So . . . the reason why this Court accepts Plea Agreements is for some finality and certainly was the reason why the Court accepted this Plea Agreement. And I believe made Mr. Johnson aware of it, because he even acknowledged it that he thought that was the terms and conditions of Plea Agreement.* So, since we are here today, on a Request for Belated, filing Belated Notice of Appeal or filing a Belated Appeal the Court is going to deny that request because I don't believe that Mr. Johnson is, as pointed by [the prosecutor] is entitled to an Appeal. And so that would be the Court's ruling and I'll prepare an Order that reflects it[.]

Tr. pp. 29–31 (emphases added).

[11] On January 18, 2019, Johnson filed a motion requesting that the trial court take judicial notice of the exhibits attached to his petition for permission to file a belated notice of appeal, but which were not formally admitted into evidence at the hearing on the petition. The trial court denied this motion on January 24, 2019. Johnson now appeals.

## *I. Judicial Notice*

[12] Johnson first argues that the trial court erred by failing to take judicial notice of the materials that he failed to formally admit into evidence at the hearing on his petition for permission to file a belated notice of appeal. As with all evidentiary questions, we review a trial court's decision regarding judicial notice for an abuse of discretion. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016). A trial court abuses its discretion only if its decision regarding the admission of

evidence is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Harrison v. State*, 32 N.E.3d 240, 250 (Ind. Ct. App. 2015), *trans. denied*.

[13] In his motion for judicial notice, Johnson specifically requested that the trial court take judicial notice of: (1) the terms of the plea agreement; (2) the trial court's advisements to Johnson contained in the transcripts; (3) the trial court's sentence as evidenced by the sentencing order and abstract of judgment; and (4) the pre-sentence investigation report. Johnson notes that all of these materials were already part of the trial court's record in this case and were attached as exhibits to his petition for permission to file a belated notice of appeal.[4] Johnson also claims that both parties relied on these materials in making their argument to the trial court.

[14] "For years, [Evidence] Rule 201 did not permit a trial court to take judicial notice of court records, even if they were 'its own records in another case previously before the court on a related subject with related parties.'" *Horton*, 51 N.E.3d at 1160 (quoting *Gray v. State*, 871 N.E.2d 408, 413 (Ind. Ct. App. 2007), *trans. denied*). Our supreme court amended Rule 201, effective January 1, 2010, so that it now permits courts to take judicial notice of records of a court of

---

[4] Johnson attached several exhibits to his petition for permission to file a belated notice of appeal, including: the transcript of the April 3, 2017 change-of-plea hearing; the plea agreement; the trial court's sentencing order; the transcript of the May 1, 2017 sentencing hearing; the abstract of judgment; Johnson's petition for post-conviction relief; the pre-sentence investigation report; and the initial assessment submitted at the sentencing hearing. Also attached to the petition were Johnson's affidavit and the affidavit of his trial counsel. However, the motion to take judicial notice specifically excluded the latter two items because both of these individuals testified at the hearing.

this state. *Id.* Indiana Evidence Rule 201(a)(2)(C) now provides that a court may take judicial notice of the "records of a court of this state." A court may take judicial notice "at any stage of the proceeding." Evid. R. 201(d). And Rule 201(c)(2) provides that a court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." (emphasis added).

[15] Here, Johnson requested that the court take judicial notice of its own records, which is permissible, and supplied the court with the necessary information. Thus, Johnson met the requirements of Rule 201(c)(2), and the court should have taken notice of its own record in the present case. But even if the trial court did err by denying Johnson's request to take judicial notice, any resulting error is harmless.

[16] For one thing, it is clear that the trial court considered its own record in the present case when ruling on Johnson's petition; the court referred to the plea agreement and its advisements to Johnson at the change-of-plea hearing and the sentencing hearing. In addition, all the materials at issue were already part of the trial court's record in the present case. These materials are therefore part of the record on appeal and available to us on review. *See Horton,* 51 N.E.3d at 1162 ("Indiana Appellate Rule 27 provides that the Record on Appeal includes 'all proceedings before the trial court . . ., whether or not . . . transmitted to the Court on Appeal.'" ). Furthermore, this court itself may also take judicial notice of the records of a court of this state, and we have therefore taken judicial notice

of the relevant materials.[5] *See Horton*, 51 N.E.3d at 1162 (taking judicial notice of trial court docket in related case showing that defendant had been previously convicted of Class A misdemeanor battery); *Cheng Song v. Iatarola*, 120 N.E.3d 1110, 1116 n.2 (Ind. Ct. App. 2019) (taking judicial notice of trial transcript obtained via Odyssey case-management system), *trans. denied*. We therefore turn to the merits of Johnson's claim that the trial court erred in denying his petition for permission to file a belated notice of appeal.

## II.  Belated Notice of Appeal

[17]     Johnson's main argument is that the trial court erred in denying his petition for permission to file a belated notice of appeal. Indiana Post-Conviction Rule 2(1)(a) provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

An "eligible defendant" is defined as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a

---

[5] Johnson filed a motion with this court to take judicial notice, which we have granted by separate order.

conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2.

[18] The trial court here denied Johnson's petition because it believed that Johnson had waived his right to appeal his sentence. If Johnson waived his right to appeal his sentence, then he is not an "eligible defendant" under Indiana Post-Conviction Rule 2. *See Bowling v. State*, 960 N.E.2d 837, 841 (Ind. Ct. App. 2012) (holding that whether the defendant waived her right to appeal her sentence in her plea agreement was relevant to the threshold determination of whether she was an eligible defendant under Post-Conviction Rule 2), *trans. denied*. The State, like the trial court, reads Johnson's plea agreement as waiving his right to appeal his sentence and therefore argues that Johnson cannot now seek to file a belated notice of appeal.

[19] Johnson contends that he did not waive his right to appeal his sentence. Johnson claims that the trial court misadvised him by telling him that he had waived his right to appeal his sentence when no such provision was included in his plea agreement. When Johnson discovered that he might be able to appeal his sentence notwithstanding his plea of guilty, he began to pursue means of appealing his sentence. Thus, he claims he was both without fault for failing to file a timely notice of appeal and was diligent in his efforts to seek permission to file a belated notice of appeal.

[20] We begin our analysis of this issue by noting several well-settled propositions. First, a defendant who voluntarily pleads guilty gives up a panoply of rights.

*Mapp v. State*, 770 N.E.2d 332, 334–35 (Ind. 2002). Included among the rights waived by pleading guilty is the right to direct appeal, at least with regard to a claim attacking the validity of the plea itself. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996) ("One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal.").

[21] However, a defendant who pleads guilty is allowed to contest on direct appeal "the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion[.]" *Id.* at 396. Thus, a defendant who pleads guilty to an "open plea" where sentencing is left entirely to the discretion of the trial court is entitled to challenge on direct appeal the propriety of the sentence imposed by the trial court. *Collins v. State*, 817 N.E.2d 230, 233 (Ind. 2004). Even when a defendant agrees to a sentencing cap or range as part of the plea agreement, such a defendant may still challenge the appropriateness of the sentence on appeal. *Childress v. State*, 848 N.E.2d 1073, 1079–80 (Ind. 2006). In contrast, if a defendant agrees to a particular sentence as part of his plea, and the trial court has no sentencing discretion, then the defendant may not challenge the appropriateness of the sentence on appeal. *Sholes v. State*, 878 N.E.2d 1232, 1235 (Ind. 2008) (holding that a plea agreement calling for a fixed sentence precludes a defendant from challenging his resulting sentence by direct appeal, whether timely or belated).

[22] It is also well settled that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73,

75 (Ind. 2008).[6] This is true even if the trial court, after accepting a plea agreement containing a provision waiving the right to appeal, misadvises the defendant at sentencing that he does have the right to appeal.[7] *Id.* at 77.

[23] Although it is clear that the right to challenge one's sentence may be validly waived on appeal, the question presented here is whether the terms of Johnson's plea agreement constituted such a valid waiver of his appellate rights.

[24] In addressing this claim, we observe that the terms of a plea agreement between the State and the defendant are contractual in nature. *State v. Smith*, 71 N.E.3d 368, 370 (Ind. 2017) (citing *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004)). When a trial court accepts a plea agreement, it too becomes bound by its terms. *Id.* (citing *Berry v. State*, 10 N.E.3d 1243, 1246 (Ind. 2014)). Thus, when interpreting a plea agreement, we are guided, but not strictly bound, by contract interpretation principles, beginning with the agreement's plain language and determining the intent of the parties at the time the plea was entered. *Berry*, 10 N.E.3d at 1247.

---

[6] Of course, a defendant who waives the right to appeal his sentence may still argue in a post-conviction proceeding that his plea was coerced or unintelligent. *Id.* And "[p]rovisions in plea agreements that waive a defendant's right to seek post-conviction relief remain void and unenforceable." *Id.* at 75–76 (citing *Majors v. State*, 568 N.E.2d 1065, 1067–68 (Ind. Ct. App. 1991), *trans. denied*). Thus, the provision in Johnson's plea agreement providing that he waived his right to seek post-conviction relief is void and unenforceable. *See id.* We find it concerning that such a patently void and unenforceable term is still included in the boilerplate language of the plea agreement used in the present case, especially since our courts have held for almost thirty years that such a term is invalid.

[7] If, however, a trial court advises a defendant at the guilty plea hearing, not at sentencing, that he has a right to appeal his sentence, we have held that the defendant does not waive his right to appeal notwithstanding language to the contrary in the plea agreement itself. *Ricci v. State*, 894 N.E.2d 1089, 1093–94 (Ind. Ct. App. 2008), *trans. denied*; *see also Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009), *trans. denied*.

[25]     Here, the relevant provision of Johnson's plea agreement provides that "DEFENDANT WAIVES RIGHT TO APPEAL[.]" Appellant's App. Vol. 2, p. 108. The State argues that this language should be read to mean that Johnson waived his right to appeal on any grounds, which would necessarily include the right to appeal his sentence. Johnson contends that, because his plea was open, he retained his right to appeal his sentence, and the waiver provision of his plea agreement merely means that he waived his right to challenge the validity of his plea on direct appeal as explained in *Tumulty*. Johnson claims that the waiver provision is, at the very least, ambiguous and misleading and should be construed against the State.[8] Johnson therefore claims that the trial court misadvised him that, by pleading guilty, he was giving up his right to appeal. We agree with the State.

[26]     By the very act of pleading guilty, Johnson waived his right to appeal his conviction. *See Tumulty*, 666 N.E.2d at 395. There is no need for a provision in a plea agreement stating this. Waiver of the right to challenge a conviction on direct appeal is simply "one of the consequences of pleading guilty." *Alvey v. State*, 911 N.E.2d 1248, 1249 (Ind. 2009). Even if a plea agreement states that a defendant may challenge his conviction on appeal, such a provision is

---

[8] As part of this argument, Johnson also contends that he did not knowingly or intelligently waive his right to appeal. The State claims that this is an attack on the validity of Johnson's guilty plea, which is impermissible on direct appeal. *See Creech*, 887 N.E.2d at 75 (noting that a defendant who waives the right to appeal in plea agreement may still have his conviction set aside if he can establish in a post-conviction proceeding that his plea was coerced or unintelligent). We take Johnson's argument to be that he did not knowingly waive his right to appeal and therefore is an eligible defendant to pursue a belated notice of appeal. To the extent that Johnson does attack the voluntariness of his plea, a post-conviction proceeding is the proper avenue of relief. *See id.*; *Tumulty*, 666 N.E.2d at 396.

unenforceable. *See id.* at 1250 ("A trial court lacks the authority to allow defendants the right to appeal the denial of a motion to suppress evidence when a defendant enters a guilty plea, *even where a plea agreement maintains that such an appeal is permitted.*") (emphasis added). Accordingly, to mean anything, the waiver provision in Johnson's plea agreement must include wavier of the right to challenge his sentence on appeal, as his sentence was the *only* thing that Johnson could have appealed. And the fact that Johnson accepted the plea agreement was sufficient for the trial court to find that he knowingly and voluntarily agreed to the waiver of his appellate rights. *Creech*, 887 N.E.2d at 77.

[27] We acknowledge that, in other cases in which our courts have upheld a waiver-of-appeal provision in a plea agreement, the provision was more explicit about the waiver of the right to appeal the sentence. *See, e.g., Creech*, 887 N.E.2d at 74 (holding that defendant waived right to appeal sentence where plea agreement provided, "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement."); *Starcher v. State*, 66 N.E.3d 621, 621 (Ind. Ct. App. 2016) (holding that defendant waived right to appeal sentence where plea agreement provided "As a condition of entering this plea agreement, defendant knowingly and voluntarily agrees to waive the right to appeal the sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences him/her within the terms of this agreement."), *trans. denied*; *Westlake v. State*, 987 N.E.2d 170, 174 (Ind. Ct. App. 2013) (holding that defendant waived his right to appeal his sentence as inappropriate where his plea agreement stated "you waive your right to have any Court

review the reasonableness of the sentence, including but not limited to appeals under Indiana Rule of Appellate Procedure 7([B]), and you agree and stipulate that the sentence of the Court is reasonable and appropriate in light of your nature and character, and the nature and character of the offense."); *Brown v. State*, 970 N.E.2d 791, 791–92 (Ind. Ct. App. 2012) (holding that defendant waived right to appeal sentence where plea agreement provided "[t]he Defendant hereby waives his right to appeal his sentence so long as the Judge sentences him within the terms of the plea agreement. The Defendant further agrees that any sentence within the range provided in the plea agreement is reasonable and appropriate, including the maximum sentence, based upon aggravating circumstances which are hereby stipulated."); *Bowling*, 960 N.E.2d at 838 (holding that defendant waived right to appeal sentence where plea agreement provided "By pleading guilty you have agreed to waive your right to appeal your sentence so long as the Judge sentences you within the terms of your plea agreement."); *Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (holding that defendant waived right to appeal sentence, even though trial court appointed appellate counsel, where plea agreement provided "Defendant further waives the right (under Indiana Appellate Rule 7 and I.C. 35-38-1-15 or otherwise) to review of the sentence imposed.").

[28] Even though the waiver provision of Johnson's plea agreement is not as specific as the waiver provisions in the above-cited cases, we cannot read the language providing that he "waives his right to appeal" to mean anything other than that he waived the right to appeal his sentence, as that was the only thing Johnson

could have possibly appealed after pleading guilty. Our position is supported by the fact that, before the trial court accepted the plea, the court explicitly informed Johnson that he was waiving his right to appeal his sentence. *See* Appellant's App. Vol. 3, pp. 14–15. Nor did the trial court misadvise Johnson that he had a right to appeal his sentence after the plea was accepted; to the contrary, the trial court reaffirmed at the sentencing hearing that Johnson had waived his right to appeal and thus declined to appoint appellate counsel. *See* Appellant's App. Vol. 3, p. 82.

[29] For all of these reasons, we hold that, by the terms of his plea agreement, Johnson waived his right to appeal, which necessarily included the right to appeal the sentence imposed by the trial court. Because Johnson waived his right to appeal his sentence, he is not an "eligible defendant" for purposes of seeking permission to file a belated notice of appeal under Post-Conviction Rule 2.[9] Accordingly, the trial court did not err in denying Johnson's petition for permission to file a belated notice of appeal.

[30] We recognize that our holding appears to conflict with the opinion in *Morris v. State*, 985 N.E.2d 364 (Ind. Ct. App. 2013), *adhered to on reh'g*, 2 N.E.3d 7. In that case, the defendant entered into a plea agreement which provided that he forfeited "'all grounds for review of any aspect of this case whether by appeal or

---

[9] Still, we strongly recommend that the Orange County Prosecutor's office update its outdated plea agreement form so that it more clearly explains the effect of the waiver of the right to appeal and also removes the void and unenforceable language stating that the defendant waives the right to seek post-conviction relief.

post-conviction relief' and that he 'knowingly, intelligently, and voluntarily waives her [sic] right to challenge the conviction or sentence on this [sic] basis that it is erroneous.'" *Id.* at 366 (record citations omitted). Despite this language, Morris appealed and claimed that his sentence was inappropriate. The State argued that Morris had unambiguously waived his right to appeal. The *Morris* court acknowledged that the plea agreement contained a general waiver of appellate review and a more specific waiver of the ability to challenge an "erroneous" sentence and held that there is a difference between an erroneous sentence and an inappropriate sentence. *Id.* The court therefore concluded that the waiver provision was ambiguous as to whether Morris gave up his right to challenge his sentence as inappropriate in addition to the right to challenge it as erroneous and construed this ambiguity against the State, thereby permitting Morris to challenge the appropriateness of his sentence on direct appeal. *Id.* at 367. Here, however, there is no ambiguity in the plea agreement, which simply provides that Johnson waived his right to appeal. And, as noted above, if this provision is to mean anything, it must mean that Johnson waived the right to appeal his sentence, as he waived the right to appeal his conviction by the very act of pleading guilty.[10]

---

[10] *Cf. Haddock v. State*, 112 N.E.3d 763 (Ind. Ct. App. 2018) (holding that, despite language in plea agreement that defendant waived the right to appeal his sentence "so long as the Judge sentences me within the terms of my plea agreement," defendant was an "eligible defendant" for purposes of pursuing a belated appeal because he claimed his sentence was illegal), *trans. denied*; *Williams v. State*, 51 N.E.3d 1205, 1209–10 (Ind. Ct. App. 2016) (holding that defendant did not waive the right to appeal her sentence even though the plea agreement provided that she waived her right to appeal her sentence because her plea was not an open plea when, in fact, her plea was an open plea); *Johnson v. State*, 903 N.E.2d 472, 475 (Ind. Ct. App. 2009) (holding that defendant was an eligible defendant for purposes of Post-Conviction Rule 2 despite language in his plea

# Conclusion

Even if the trial court should have granted Johnson's motion to take judicial notice, any resulting error was harmless because the materials at issue were part of the record on appeal, the trial court considered them in making its decision, and we have taken judicial notice of these materials ourselves. We also conclude that Johnson waived his right to appeal his sentence, and the trial court therefore properly denied Johnson's petition for permission to file a belated notice of appeal. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Robb, J., and Pyle, J., concur.

---

agreement that stated he was giving up and waiving his right to appeal "any decision made by the Judge," where defendant was not challenging his sentence or the factual basis for his conviction but instead arguing that the trial court violated the terms of the plea agreement by imposing a conviction for domestic battery whereas defendant agreed to plead guilty to battery); *Baysinger v. State*, 835 N.E.2d 223, 226 (Ind. Ct. App. 2005) (holding that defendant did not waive his right to appeal where he pleaded guilty in an "open plea" and trial court failed to inform him of his right to appeal his sentence and instead informed him that by pleading guilty he was giving up "most" of his grounds for appeal).